### Ross, Strong & Co. *v.* Robert Sims.

The statute (Hutch. Co. 827,) which gives the right to a party who has brought suit on a claim and obtained a judgment which has been reversed in the high court of errors and appeals, to commence a new suit within one year after such judgment is reversed, has reference to an action to be commenced by the same plaintiff. *Held*, that such right of action is not given to parties who are different, both in form and substance, from the original parties to the first suit.

It is not the practice to allow the plaintiff to answer over upon a demurrer being sustained to the declaration, except upon affidavit; but the practice has been sanctioned to permit the defendant to answer over upon a demurrer being sustained to a plea. It does not extend to the replication.

In error from the circuit court of Holmes county; Hon. Robert C. Perry, judge.

The facts of the case are contained in the opinion of the court.

*H. W. Brown* for appellants.

1. The court erred in sustaining the demurrer of defendant to the replication of plaintiffs to the third plea of defendant.

2. The court erred in giving final judgment upon sustaining the demurrer to plaintiff's said replication. . The judgment should have been *respondeat ouster.* For the first error assigned, the court is referred to Hutch. Co. p. 827, § 14. Two of the plaintiffs here are the same as in the former suit, and the note the very same one previously sued on, as is shown by the replication to said third plea. And it is insisted that by giving the act above referred to a fair construction, the replication should be held good; otherwise, in all cases of a mistake or misjoinder, or non-joinder of parties, the plaintiff or creditor would be wholly deprived of the benefit of said section of the act, which was passed, it is believed, to cover and include precisely such cases as the present one.

In support of the second assignment of error, the court is referred to *Gwinn* v. *McCarroll,* 1 S. & M. 351; *Randolph* v. *Singleton,* 12 Ib. 444.

*Brooke* for appellee.

The judgment in this case was rendered for the defendant on demurrer sustained to the replication of plaintiff to defendant's pleas. The court in its discretion had the power to do this, as is decided in the case of *Gwinn* v. *McCarroll,* 1 S. & M., cited by plaintiff in error. The case of *Randolph* v. *Singleton,* in 12 S. & M., was a demurrer to a plea which is regulated by statute. The court was manifestly right in sustaining the demurrer to the replication. The plea was the statute of limitations. The replication averred that a former suit on the same note had been prosecuted and judgment obtained in the names of William Ross, Thomas Strong, and William Hart; that said judgment was reversed, and that within one year after said reversal, suit was again commenced in the name of the present plaintiffs, namely, William Ross, Thomas Strong, and W. D. Ross, for use of James N. Hart; and in said replication, the former suit is stated to have been for the use of James N. Hart,

but it is not so stated in the declaration in the first suit. It is evident from the replication, that the plaintiffs in the second suit are not, *in toto*, the same with those in the first, and therefore it does not come within the exception of the statute. H. C. 827. The statute in terms, by the use of the word " said," refers to the plaintiff who first sued, and the exception is intended only for such.

Mr. Justice HANDY delivered the opinion of the court.

William Ross, Thomas Strong, and John W. D. Ross, partners under the firm of Ross, Strong & Co., suing for the use of James N. Hart, sued the defendant on a promissory note, made payable to that firm. The case turned below upon the plea of the statute of limitations, to which the plaintiff replied, that a suit was brought in the same circuit court upon the same note in the name of the nominal plaintiffs Ross and Strong, joined with the name of William Hart, which suit was for the benefit of James N. Hart, the usee in this suit, and that judgment was rendered in that suit for the plaintiff, but was reversed on writ of error in this court; and that this suit was commenced within one year next after said reversal. To this the defendant filed a demurrer, which was sustained, and judgment rendered thereon for the defendant.

It will be perceived here, that the parties to the present action are not the same as those to the former judgment, which was reversed. That suit was in the name of Ross, Strong & Hart, parties constituting the firm of Ross, Strong & Co. This suit is in the name of Ross, Strong & Ross, partners constituting the firm of Ross, Strong & Co., suing for the use of James N. Hart. Thus both the nominal and real parties plaintiffs in the two actions are different. The statute of 1822, Hutch. Dig. 827, § 14, under which this replication is attempted to be justified, giving the right to the plaintiff " to commence a new action within one year after such judgment reversed," manifestly has reference to an action to be commenced by the same plaintiffs. It is regarded as an equitable continuation of the same action already commenced, in the name or right of the same plaintiffs. But it cannot be held to give the right of action to parties who

are different both in form and substance from the original parties. For this would be warranted neither by the terms nor the equitable purpose of the statute.

Nor do we think it was error in the court below to render final judgment on the demurrer. It is not the practice to allow the plaintiff to answer over upon a demurrer being sustained to the declaration, except upon affidavit. The practice has been sanctioned to permit the defendant to answer over upon a demurrer to a plea being sustained, but it has not been extended to the replication.

The judgment is affirmed.