**510** CASES IN THE SUPREME COURT

Gray et al. vs. Trapnall et al. [DECEMBER

GRAY ET AL. VS. TRAPNALL ET AL.

Where a suit for land was brought against the *administrator* of a deceased claim-
ant, within the period of limitation, and dismissed, and a new suit brought
against the administrator and *heir*, within a year, but after the statute bar had
attached, the two suits cannot be so connected as to avoid the operation of the
statute—the heir not having been a party to the first suit.

Whatever may be the statements in the bill, the affidavit prescribed by the
statute to procure an order of publication, is necessary to the prosecution of a
suit against unknown heirs.

*Appeal from Pulaski Chancery Court.*

Hon. URIAH M. ROSE, Chancellor.

WILLIAMS & MARTIN, for the appellant.

The youngest of the plaintiffs was under 24 years of age
when the suit was brought; and the right of action of all, con-
tinued during the minority of each. The infancy of one heir
prevents the limitation as to all. *May vs. Bennett,* 4 *Litt.* 311;
*Lahiffe vs. Smart,* 1 *Bus.* (*S. C.*) *R.* 162. The opinion in
*Lytle vs. The State,* 17 *Ark.,* differs from the above position;
but that was the opinion of one judge only.

The last suit was brought within one year after the dismissal
of the former suit; and is between the same parties. It is true
Mary R. Trapnall was only made a party by description of heir,
when the first bill was filed; and this is sufficient, for a bill may
be maintained against a party by description. 1 *Dan. Ch. Pl.
and Pr.* 320. And besides, the administrator is entitled to the
possession of the land, and so a suit against him within the
statute bar prevents the running of the statute.

We submit that the second suit was identical in substance with the first, and the court erred in dismissing the bill.

WATKINS, for the appellee.

The deed was sufficient to afford color of title, coupled with constructive possession. 13 *How.* 472. It was a constructive disseizin, and the statute commenced running from the recording of the deed. 4 *Kent's Com.* 404, *and note ;* 18 *How.* 58 ; 10 *Wend.* 639.

In any view, two of the complainants, tenants in common, are barred as to their respective shares or interests. *Per Scott J., in Lytle vs. State,* 17 *Ark.* 649.

Mary R. Trapnall is the only real substantial party to the bill, and was neither a party to the former suit, nor was that suit ever instituted by bill and process, or publication against any heir of F. W. Trapnall, known or unknown. That is essential to save the bar as to Thomas W. Gray, by the institution of a second suit, including her, within a year after the dismissal of the former one. The new suit must be against the same parties. *McClellan vs. The State Bank,* 7 *Eng.* 141 ; *State Bank vs. Sherrill, Ib.* 183 ; *McClellan vs. State Bank,* 14 *Ark.* 176.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

Samson Gray, the father of the plaintiffs, in 1833, had a right to the west half of section eleven, township sixteen south, of range one west, by virtue of a location made by himself, of William Campbell's donation claim, which was superior to all other claims, and, so far as the record of this suit discloses, was exclusive of every other claim, till the land was sold for taxes in 1838, by the collector of Chicot county, where it lies, to Franklin Stewart. Under this sale, the infant defendant, Mary R. Trapnall, claims the land as having descended to her from her father, Frederick W. Trapnall, who bought it at an execution sale against Stewart, in 1845.

The tax sale to Stewart is complained of by the plaintiffs as

a void proceeding, but this is not important, if they are barred by the statute of limitations from asserting their title by this suit, which is a ground of defence taken for Mary R. Trapnall.

Samson Gray having died in 1835, his heirs brought this suit on the 20th of January, 1858; and though the youngest of the plaintiffs, Thomas W. Gray, was more than twenty-five years old, the plaintiffs claim that, in consequence of a suit having been begun in Chicot county by them for this land, against the same defendants, within less than three years after Thomas became twenty-one years old, its dismissal and the beginning of this suit within a year thereafter, all of the plaintiffs are entitled to an adjudication of their rights, free from the effect of the statute of limitations. Before the beginning of the suit in Chicot county, two of the plaintiffs, Jacob S. Gray and Samuel R. Gray, had enjoyed the full time given by the statute in which to assert their right to the land by suit. Being infants at the death of their father, each of them had three years after becoming of age in which to sue, but after that time the interest of each was barred. The opinion of Scott J., in *Lytle vs. The State*, 17 *Ark.*, has been adopted by this court, upon full consideration of the proper construction of our statute of limitations, in *Wilder vs. Mayo*, 23 *Ark.*, and it follows that whatever were the rights of the heirs of Samson Gray to the land in controversy, the courts were closed to the two older plaintiffs when they first made their claim by the bill filed in chancery in Chicot Circuit Court.

But at the filing of that bill, Thomas W. Gray, the other defendant, had not been of age three years, and the suit was in time to save his interest from the bar of the statute set up against him in this case, if the Chicot county suit can be connected with this, so that both suits shall be held to relate to the same matter, and to be prosecuted by and against the same parties. Mary R. Trapnall was not made a party to the first suit: that was against the other defendants to the present suit, and seems to imply an intention to have proceeded against the unknown heirs of Frederick W. Trapnall, from the statements of the

bill, but no affidavit was filed with it necessary to procure an order of publication, which would have been a step in the prosecution of the suit against unknown heirs. Whether under the facts shown in this record, Mary R. Trapnall, born and always living in Pulaski county, in which Samson Gray died, and in which and in territory stricken from it, the plaintiffs have grown up and lived, was liable to be proceeded against as an unknown heir of Frederick W. Trapnall, we need not say; it is sufficient that no proceeding was prosecuted against her, and this suit is, therefore, the first one ever brought against her by Thomas W. Gray about the land in question, and not being brought within three years after his minority ceased, he was subject to the defense of limitations interposed against him.

Thus, without passing upon the rights of the heirs of Samson Gray, the effect of the tax sale to Stewart, or upon any other questions in the case, we hold that the plaintiffs have not presented a case that entitles them to relief against Mary R. Trapnall.

Martha F. Trapnall was but a nominal party to the bill. Mary R. Trapnall, as the heir of Frederick W. Trapnall, has his right to the land, and if Martha F. Trapnall, as his administratrix, may have possession of the title papers, which we do not know and cannot infer, it would be idle as well as inequitable to require her to give up to the plaintiffs the evidences of a right that belongs to Mary R. Trapnall.

The decree of the court below is affirmed.