## L. & A. SCHARFF *v.* J. A. LISSO.

1. REPLICATION. *Demurrer thereto. Amendment. Judgment.*
   On sustaining a demurrer to a replication the judgment should be final if the plaintiff does not ask for leave to amend. But where such leave is asked it is the duty of the court to grant it under the statutes of Mississippi, which allow all amendments to be made for the purpose of bringing the merits of the controversy in issue.

2. CONFLICT OF LAWS. *Limitation of actions.*
   In suits in this State the statute of limitations of the *lex fori,* and not of the *lex loci contractus,* governs the right of action.

APPEAL from the Circuit Court of Adams County.
HON. RALPH NORTH, Judge. .

In 1885 L. & A. Scharff brought an action of assumpsit against Jules A. Lisso in the Circuit Court of Adams County. The declaration set out that Lisso & Schrew, a firm doing business in Louisiana, and of which Jules A. Lisso was a member, accepted a

draft drawn on them by L. & A. Scharff, payable in New Orleans four months after date, but that this draft was not paid. To this the defendant Lisso interposed the plea of the statute of limitations. The plaintiffs replied that they obtained judgment on this same bill of exchange against Schrew, one of the members of the firm of Lisso & Schrew, some time in 1884, in the Circuit Court of the United States for the Western District of Louisiana, and that judgment was not rendered against this defendant because there was no personal service; that this judgment against one member of the firm, under the law of Louisiana, bars prescription (or prevents the bar of the statute of limitations) against the other member. The defendant demurred to this replication, which demurrer was confessed. The plaintiff asked leave to amend his replication, but the court refused to allow him so to do, and entered up a final judgment thereon. The plaintiff appealed.

*Thos. Reed,* for the appellants.

There are some very sensible remarks made in the work on code pleading, by Bliss, §§ 435, 428, 429, 430, all going to show the meaning and general scope of the doctrine of amendments, which, as the history of pleading progresses, shows that the great object and philosophy of pleading is to bring the facts pertinently before the court, so that the jury can find their verdicts upon the true merits of the case. We, therefore, confidently believe that the supreme court will liberally construe § 1581 of Code of 1880, and reverse the judgment in this case.

*R. F. Reed,* on the same side.

"The object of the statutes in reference to amendments is unquestionably the furtherance of justice." *Cooke* v. *Spears,* 2 Cal. 409, and Bliss' Code of Pleading, § 431. Was there a furtherance of justice in the judgment of lower court? *Contra,* there was an impeding of justice, in that appellants would be defeated in their effort to force an unwilling debtor to pay their fair and lawful demands without a fair trial on the merits of the controversy. As to duty of courts in relation to amendments, see *Rodgers* v. *Kline,* 56 Miss. 808. "Every amendment is to be made which is necessary for determining the real question in controversy between

the parties." Heard's Civil Pleadings 70. "*If amendments were not liberally allowed, the merits would be in constant peril of strangulation by the pleading.*" 2 P. & D. 543.

*Claude Pintard,* for the appellee.

The only question in this case is whether the court below erred in ordering judgment final instead of "*respondeat ouster*" to be entered after the demurrer to the replication had been *confessed.* And this question is answered in the negative by the decision of this court. It says: "It was held in *Ross* v. *Simms,* 27 Miss. 359, that where a demurrer is sustained to a replication there should be *judgment final* and not of *respondeat ouster.* By § 13 of Revised Code" (Code of 1871) "it is provided that where a demurrer is sustained to a plea there should be judgment of *respondeat ouster.* It does not extend in terms to a demurrer sustained to a replication, and, although there was a similar provision in Hutchinson's Code, 875, § 66, it was held in *Ross* v. *Simms, supra,* that judgment final for defendant was the proper order where a demurrer to a replication is sustained. This court therefore * * * sustains the demurrer of defendant to plaintiff's replication and gives judgment for the defendant: that plaintiff takes nothing by his writ, and that defendant recovers of plaintiff the costs in both courts." *M. & C. R. R. Co.* v. *Orr,* 52 Miss. 542, and *Ross* v. *Simms,* 27 Miss. 359, there cited.

This case in 52 Miss. was decided by this court prior to the adoption of the Code of 1880 and upon their construction of § 613 of the Code of 1871, then in force, but § 1562 of the new Code of 1880 re-enacts § 613 of the old code, and leaves the law upon that subject exactly as it was at the time of the above decision, which is therefore in full force. The authorities cited by counsel for appellants do not apply to this case. It is not a case of amendment of pleadings, and the court below had no discretion in the matter.

COOPER, C. J., delivered the opinion of the court.

From the argument of counsel, both for the appellant and appellee, and from the fact that prominence is given in the bill of exceptions to the fact that plaintiff did not apply for leave to

amend his replication until after a demurrer thereto had been filed, we infer that the court declined to permit the amendment of the replication to be made, on the ground that the court had no power to permit such an amendment to be made at that stage of the pleading.

The appellee relies upon the cases of *Ross et al.* v. *Sims*, 27 Miss. 359, and *M. & C. R. R. Co.* v. *Orr*, 52 Miss. 542, to support the proposition that on sustaining a demurrer to a replication the judgment should be final and not *respondeat ouster.* These cases do decide this, but they do not decide that upon application leave to further reply may not be given. In the early case of *Bailey* v. *Gaskins*, 6 Howard 519, there had been three pleas interposed, on one of which the plaintiff took issue and demurred to the others; the record did not show what disposition had been made of the demurrers, but there was a general judgment for the plaintiff. On appeal the court held that the pleas demurred to contained valid defenses and directed a judgment to be entered in this court overruling the demurrers and of *nil capiat;* thereupon the plaintiff moved the court to reverse the judgment only in order that he might in the court below ask and obtain leave to withdraw his demurrers and reply. This the court refused to do, the court saying : " If this be done it must be done for the purpose of allowing the party the privilege of asking the leave of the court to withdraw his demurrer; and this is a privilege which he might or might not ask, and when asked it is one which the court might or might not allow according to its discretion."

In *Gwin* v. *McCarroll*, 1 S. & M. 351, the court said, in referring to the case of *Bailey* v. *Gaskins*, " That decision was made upon the common-law rule without reference to our statutes. We are now satisfied it is not the law." Speaking of our statute of amendments the court said, after noting decisions of other courts upon similar laws : " Our own act is not less liberal than any other, and it directs that courts of law shall have full power and authority to order and allow amendments to be made in all proceedings whatsoever before verdict, so as to bring the merits of the question between the parties fairly to trial. Indeed, its end and object seems

to be to prevent decisions upon technical grounds, instead of the merits upon a fair submission to the jury." The court then reversed the judgment, overruled a demurrer to a rejoinder, and remanded the cause to the court below that the plaintiff might obtain leave to withdraw it and sur-rejoin. In *Ross* v. *Sims*, 27 Miss., and *R. R. Co.* v. *Orr*, 52 Miss., the court only decided that judgment final and not *respondeat ouster* was the proper judgment to be entered on sustaining a demurrer to a replication; in neither of the cases was there an application for leave to amend, and it has never, so far as we know, been held that such leave cannot be given under our statutes allowing all amendments to be made to bring the merits of the controversy in issue.

The demurrer to the replication was rightly sustained. The statute of limitations of the *lex fori* and not that of the *lex loci contractus* must govern. If, as the replication suggests, the intention of the pleader was to insist that the defendant cannot invoke the benefit of our statute because his place of business was in another State, it could avail him nothing, since, if the defendant has been a resident of this State more than six years immediately before the institution of this suit, he cannot be debarred of his defense merely because he had a place of business in another State. If, in fact, the defendant has not resided in this State, that of itself is a sufficient replication, since by § 2157 of the Code of 1871 the statute only began to run in his favor after he came into the State. But if such be the facts, it is wholly immaterial whether or not the statute of limitations of Louisiana has or has not run in his favor, unless the statute of that State bars the right as well as the remedy.

For the error in refusing the plaintiff to withdraw his replication and to reply anew the

*Judgment is reversed and cause remanded.*