FRANKLIN C. SMITH v. THE BOARD OF COMMISSIONERS
OF BOURBON COUNTY.

RAILROAD COMPANY—*Subscription to Capital Stock—Action to Compel Issue of Bonds, Barred.* On the 23d of July, 1869, the board of county commissioners of Bourbon county made a subscription of $150,000 to the capital stock of the Fort Scott & Allen County Railroad Company, to be paid in the bonds of Bourbon county when the railroad of the company was completed through that county; subsequently the Fort Scott, Humboldt & Western Railroad Company was incorporated and became the owner of the Fort Scott & Allen County Railroad. On July 6, 1871, F. C. Smith & Co. entered into a contract to grade and construct the road-bed for the railroad company in Bourbon county, and under the contract were to receive from the railroad company $125,000 of said bonds of Bourbon county; the work was completed through Bourbon county, June 30, 1872; F. C. Smith then became the owner of all the interest of the firm of Smith & Co. The railroad company, on June 30, 1872, demanded the said bonds of the county in payment of its stock, which was refused. In August, 1873, the board of county commissioners further refused to deliver the bonds, and burned those which had been prepared. In 1874, F. C. Smith brought his action in the United States circuit court for the district of Kansas, against the Fort Scott, Humboldt & Western Railroad Company and the board of county commissioners of Bourbon county, to recover $125,000 of the bonds of Bourbon county, in payment of the work of Smith & Co. in grading and constructing the road-bed in Bourbon county; a demurrer to the bill was sustained by the federal court, upon the ground that he had no judgment against the railroad company; upon appeal to the United States supreme court, the judgment of the circuit court was affirmed in October, 1878; on the 28th of January, 1880, Smith filed another bill in equity in the circuit court of the United States for the district of Kansas, against the Fort Scott, Humboldt & Western Railroad Company and the board of county commissioners of Bourbon county, to compel the assignment and transfer to him of $125,000 of bonds of Bourbon county; the circuit court dismissed the bill, and the United States supreme court, upon appeal at the October term, 1887, affirmed the judgment of the circuit court so far as the board of county commissioners of Bourbon county was concerned. In December, 1879, Smith obtained a judgment against the Fort Scott, Humboldt & Western Railroad Company, the successor of the Fort Scott & Allen County Railroad Company, for $267,113.19 and costs, for the services of Smith & Co. in grading and constructing the Fort Scott & Allen County Railroad. On December 31, 1888, Smith made an

application to the supreme court for a writ of *mandamus* to compel the board of county commissioners of Bourbon county to issue to him $125,000 of bonds on Bourbon county, in payment for the work and services rendered by Smith & Co. in grading and constructing the road-bed of the Fort Scott & Allen County Railroad. *Held,* That the application for a writ of *mandamus* presented December 31, 1888, cannot be allowed, because the action is barred by the statute of limitations. *Held, also,* That the cause of action was not kept alive under the provisions of § 23 of the civil code, as more than a year elapsed between the reversal or failure of the action decided in October, 1878, and the commencement of the second, or new action, on the 28th of January, 1880; and *held, further,* that the judgment against the Fort Scott, Humboldt & Western Railroad Company, of December, 1879, was not obtained in a new action commenced against the board of county commissioners of Bourbon county after the dismissal or failure of the action decided in October, 1878.

*Original Proceeding in Mandamus.*

PETITION filed in this court, on December 31, 1888. The opinion, filed at the session of the court in July, 1889, states the nature of the action, and the material facts.

*H. E. Long,* for plaintiff.

*Hulett & Fletcher,* and *Ware, Biddle & Cory,* for defendant.

The opinion of the court was delivered by

HORTON, C. J.: This is an application to this court for a writ of *mandamus,* commanding the board of county commissioners of Bourbon county to execute and deliver to Franklin C. Smith $125,000 in bonds of that county upon a subscription to the capital stock of the Fort Scott & Allen County Railroad Company, alleged to have been made on July 23, 1869. The alternative writ alleges, among other things, that on June 6, 1871, F. C. Smith & Co., composed of this plaintiff and one John Dunn, entered into a contract to grade a road-bed for said railroad company as provided in the resolution of the board of July 23, 1869; that under the contract Smith & Co. for their services were to receive $125,000 of the bonds of Bourbon county, and bonds of other counties and townships, for the grading and building of the road-bed,

etc.; that the work was to be completed on June 30, 1872; that Smith & Co. completed the road-bed in substantial compliance with the terms of the contract, and with the resolution of July 23, 1869, prior to June 30, 1872; that thereafter Smith became the owner of the interest of John Dunn in the former firm of Smith & Co.; that on July 28, 1871, after the work had been commenced by Smith & Co. on the road-bed, parties representing the Fort Scott & Allen County Railroad Company waited upon the board of county commissioners of said county and requested action on the part of the board relative to the issuing of the bonds voted by the people on August 24, 1869, under the resolution of July 23, 1869, and that the board in the resolution, among other things, entered of record the following, to wit:

"Whereas, the board having this day been waited on by parties representing the Fort Scott & Allen County Railroad Company with a request for action on the part of the board relative to the issuing of bonds voted by the people on the 24th of August, 1869, and it appearing to the board that considerable progress has been made in the work upon said railroad in this county, it is therefore ordered that the bonds aforesaid be prepared as soon as the same can be lithographed, and that they be laid in the fire-proof safe in the vault attached to the treasurer's office, with the signature of the chairman affixed to the bonds and coupons, to await further action by the board."

That as one of the inducements of Smith & Co. to enter into the contract, it was represented to them by the board of county commissioners and other residents of the county that the vote was all right, and that the bonds would be issued and delivered to the railroad company, so that they would receive pay for the work as soon as the work was completed in accordance with the resolution of July 23, 1869, a portion of the directors of the railroad company with which they made the contract being the same directors selected by the county to represent it in the board of directors of the company; that upon the completion of the work by Smith & Co. the railroad company at a meeting of its directors, a part of whom were

the directors selected to represent Bourbon county, accepted
the railroad, the directors representing the county voting in
favor of accepting the railroad, and that it was well known
to all the inhabitants and citizens of Bourbon county while
Smith & Co. were building and grading the road-bed, that
work was being done and money expended by them, and that
no objection was ever made during the time that they were
grading the road-bed, nor until after it was completed, that
there were any defects in the election or vote of August 24,
1869; that plaintiff and the directors believed that everything
was all right; that no objections being made either by the
board of county commissioners, or any of the inhabitants of
the county, that the election was not legal and proper, they
went ahead and completed the work in accordance with the
terms of the contract and the resolution of July 23, 1869;
that on July 28, 1871, a request was made by the Fort Scott
& Allen County Railroad Company to the board that it
issue the bonds voted by the people on August 24, 1869, as
before stated; that on June 30, 1872, the officers of the said
railroad company appeared before the board and requested
that the bonds voted on August 24, 1869, be executed and
delivered to the company; that the board of county commis-
sioners declined to issue and deliver the bonds at that time;
that soon after, the Fort Scott, Humboldt & Western Railroad
Company, having theretofore been incorporated and organized,
and been consolidated with the Fort Scott & Allen County
Railroad Company, appeared before the board on September
28, 1872, and demanded the execution and delivery of the
bonds which had been voted in favor of the Fort Scott &
Allen County Railroad Company on August 24, 1869; that
the board refused to issue the bonds, not because the road had
not been completed in accordance with the terms of the reso-
lution of July 23, 1869, nor because the bonds which had
been voted with the other resources of the company were not
sufficient to build the line, but for other reasons, and in a
resolution of the board of September 28, 1872, the county
required that the railroad company should perform other and

different conditions to be complied with, than those set forth in the resolution of July 23, 1869, before it, the board, would execute the bonds; that this was some three months after the road-bed had been completed in accordance with the terms of the resolution of July 23, 1869, and the work had been accepted by the railroad company from the contractors, Smith & Co.; that in August, 1873, the board in open session destroyed and burned the bonds which had been lithographed and signed by the chairman and deposited in the treasurer's office; that by reason of the failure of the county to deliver the bonds to the railroad company the railroad company was unable to deliver the bonds provided in its contract with Smith & Co. to Smith & Co., and pay them for their work; that in 1874 Smith brought an action in the United States circuit court for the district of Kansas against the Fort Scott, Humboldt & Western Railroad Company, the board of county commissioners of Bourbon county, and Bourbon county, praying that the commissioners be ordered to issue the bonds referred to, so that the company might pay him; that a demurrer to that bill was sustained by the federal court for the reason that he had no judgment against the railroad company as yet; that upon the sustaining of the demurrer, he appealed to the United States supreme court; that at the October term of that court for the year 1878, the court affirmed the ruling of the United States circuit court, on the ground that there had been no assignment, legal or equitable, to Smith by the railroad company of its claim against Bourbon county, and on the further ground that, if there had been an assignment, the circuit court of the United States could not have taken jurisdiction of the cause; that on the 28th of January, 1880, Smith filed his bill in equity in the circuit court of the United States for the district of Kansas against the Fort Scott, Humboldt & Western Railroad Company, the board of county commissioners of Bourbon county, and Bourbon county, the same being an action in equity, praying, among other things, an order assigning to the complainant the claim of the said railroad company against said county of

Bourbon, and further praying that the said county of Bourbon through its proper officers be ordered and decreed to cause the said county bonds to be issued and delivered to this plaintiff to pay the indebtedness due him from the said railroad company; that issue was joined in said action by the board of county commissioners of Bourbon county, and Bourbon county, and thereafter said cause was tried and determined upon its merits, and the complainant's bills in said action dismissed; that thereafter Smith appealed to the supreme court of the United States from the ruling of the said circuit court of the United States for the district of Kansas, and at the October term, 1887, of the supreme court of the United States, an opinion was filed in said cause affirming the judgment of the said lower court in favor of the defendants, the board of county commissioners of Bourbon county, and Bourbon county, it, the said supreme court, holding and deciding that the said circuit court of the United States for the district of Kansas had no jurisdiction of the said cause as between the plaintiff and the said Bourbon county, and the board of county commissioners thereof, but reversing the cause as against the Fort Scott, Humboldt & Western Railroad Company, the court holding that under the bill this plaintiff was entitled to a decree assigning the right of the railroad company to the issue of the bonds as against the county, to this plaintiff; that thereafter, and on or about the —— day of June, 1888, the proper mandate was issued from the supreme court of the United States to the said circuit court of the United States for the district of Kansas, ordering and directing the said circuit court to dismiss the bill of complainant for want of jurisdiction as against the county of Bourbon and said commissioners, and further ordering and directing the said circuit court to entertain the bill as against the said railroad company for the assignment of its right to the issue of the said bonds by the said county, to wit, under and by virtue of the subscription voted hereinbefore referred to; that on the 5th day of December, 1888, at the November term, 1888, of the circuit court of the United States for the district

of Kansas, the said circuit court, upon a hearing of said cause between the complainant Franklin C. Smith and the said railroad company, caused to be entered of record the following order, to wit:

"Now, to wit, on this 5th day of December, 1888, this cause came on for hearing upon the complainant's bill as against the defendant, the Fort Scott, Humboldt & Western Railroad Company, the plaintiff appearing by H. E. Long, his counsel, and the defendant being in default for want of answer, demurrer, or other pleading. The court, being fully advised in the premises, finds that the equities of the cause are with the complainant as against said defendant. It is therefore ordered, adjudged and decreed that the right to have issue to said railroad company $125,000 of the county bonds of Bourbon county, Kansas, as set forth in the bill of complainant herein, be and the same is assigned to the complainant; and full power is hereby given to the complainant to bring an action in his name, or in the name of the said railroad company for his benefit, against the county of Bourbon, in the state of Kansas, and the board of county commissioners of said county of Bourbon, state of Kansas, to obtain the issue and delivery of the bonds described in the bill of complainant, as prayed in said bill herein filed by the complainant. It is further ordered that the defendant, the Fort Scott, Humboldt & Western Railroad Company, pay the costs of this proceeding, taxed at —— dollars."

This action was commenced in this court on December 31, 1888. The board of county commissioners of Bourbon county has filed a motion to quash the writ, and of course this must be treated in the nature of a demurrer. In our view of the case we need refer only to one matter presented, and that is the statute of limitations. It appears from the allegations of the writ that the road-bed was completed prior to the 30th of June, 1872, and that the officers of the Fort Scott & Allen County Railroad Company made a demand for the bonds in dispute on the 30th of June, 1872. It is questionable whether Smith had any valid right whatever to sue for the bonds until December 5, 1888, when he obtained the transfer from the Fort Scott, Humboldt & Western Railroad Company of its right or claim thereto, because no privity existed between him and the county of Bourbon. It does not appear from

the allegations of the writ that either railroad company ever brought any action to recover or obtain possession of these bonds, or any part of them, between June 30, 1872, and December 5, 1888 ; therefore it is a very serious question whether on account of the failure of the railroad companies to bring any action, the cause of action was not wholly barred as to all parties at that time. If Smith obtained his rights from the Fort Scott, Humboldt & Western Railroad Company, he stands in its shoes. If on December 5, 1888, neither of the railroad companies could have maintained this action, on account of the statute of limitations, can Smith do so? It appears further from the writ, that the judgment of the circuit court of the United States, in favor of Bourbon county, was affirmed by the United States supreme court, at its October term, in the year 1878. The second, or new suit against the board of county commissioners of Bourbon county was commenced by Smith on the 28th of January, 1880 — more than one year after October, 1878.

Counsel for Smith claims that under § 23 of the civil code his action is in time. That section reads :

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

Even if the action to recover the bonds was not barred on December 5, 1888, on account of the failure of either of the railroad companies to commence any proceedings to recover the same, yet as more than one year elapsed after the reversal or failure of the action decided in October, 1878, before the commencement of the action on the 28th of January, 1888, § 23 does not benefit or avail the plaintiff in any way. He is too late under that section. The writ recites that Smith obtained a judgment in December, 1879, against the Fort Scott, Hum-

*Railroad company—subscription to capital stock—action to compel issue of bonds, barred.*

boldt & Western Railroad Company, for the sum of $267,-113.19 and costs, but it is not stated that in this action the board of county commissioners was a defendant, or in any way a party. The commencement of the prosecution of an action against the Fort Scott, Humboldt & Western Railroad Company is not the commencement or the prosecution of an action against the board of county commissioners of Bourbon county, or against Bourbon county; and therefore that action cannot be considered as staying the running of the statute of limitations. The second or new action commenced after the decision in October, 1878, was the one of the date of the 28th of January, 1880.

Upon the allegations of the writ, Smith has lost his rights under the statute of limitations, and therefore the motion to quash must be sustained.

VALENTINE, J., concurring.

JOHNSTON, J., having been of counsel in a matter involved in this litigation, did not participate in the decision of this cause.