# Bynum *v.* Memphis & Charleston R. R. Company.

### *Action for Damages to Property.*

1.  *Code 1886, § 2623; definition of legal representative within the meaning of.*—The legal representative mentioned in section 2623 of the Code, as authorized to bring a second suit within a year after arrest or reversal of judgment, is a legal representative proper—the person in whom the law vests the title to personalty on the death of the owner.

2.  *Same; husband and wife.*—Where a judgment for a wife for the loss of property has been reversed because the property belonged to her husband, he can not. by styling himself trustee of his wife, begin a new suit under such section, and thereby avoid the statute of limitations.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. H. C. SPEAKE.

Action by O. H. Bynum, as trustee of Sarah M. Bynum, against the Memphis & Charleston Railroad Company, for the negligent burning of cotton.

Mrs. Sarah M. Bynum brought suit to recover the value of certain bales of cotton, alleged to have been destroyed by fire in March, 1888, while in the possession of the Memphis & Charleston Railroad Company as a common carrier. The cotton was a part of the rents, incomes and profits of certain lands which had been conveyed to Mrs. Bynum by her husband, O. H. Bynum, by ante-nuptial contract, executed in February, 1871. By the. terms of the conveyance, O. H. Bynum reserved to himself the right to manage and control the property, and provided that it was to "be held, managed, and controlled by him as trustee, according to the terms and provisions of section 2372 of the Revised Code of Alabama." This suit of Mrs. Bynum was tried on its merits, judgment rendered for plaintiff, and appeal was taken to this court by the Memphis & Charleston Railroad Company, and the case was reversed, on the ground that Mrs. Bynum was not the owner of the cotton under the terms of the deed from O. H. Bynum to her, and that, therefore, she was not the proper party to bring the action.—*Railroad Co. v. Bynum.* 92 Ala. 335. After this decision by the Supreme Court was rendered, a new suit was brought by O. H. Bynum, as trustee, for the use and benefit of Mrs. Bynum, against appellee, for the re-

covery of the value of the same cotton. To this complaint the defendant (appellee) pleaded the statute of limitations of one year, under subdivision 6 of section 2619 of the Code of 1886. The plaintiff filed a replication to this plea of the statute of limitations, alleging the facts above set forth in reference to the suit by Mrs. Bynum, and averring that the plaintiff in the present suit, as trustee under said deed, is the legal representative of the said Sarah M. Bynum, and that as such legal representative, and as the trustee of her estate under said deed, the present suit was commenced by him within one year from the reversal of said judgment of the Supreme Court. The defendants demurred to the replication; on the grounds (1) that it appears from the allegations thereof that Mrs. Bynum was not entitled to maintain the suit, and that the suit could not be maintained by her legal representative; (2) that said replication fails to show that the plaintiff in this action is the legal representative of Sarah M. Bynum, within the meaning of section 2623 of the Code of 1886; (3) said replication does not show such a state of facts as entitles a legal representative of Mrs. Bynum to maintain this action. On the cause being submitted on the demurrer to the replication, the court sustained the demurrer, and, the plaintiff declining to plead further, judgment was rendered for the defendant.

ROULHAC & NATHAN, and JACKSON & SAWTELLE, for the appellant.

HUMES, SHEFFEY & SPEAKE, and C. M. SHERROD, for the appellee.

STONE, C. J.—The cause of action declared on in this suit is the same as that which was the foundation of the suit brought by Mrs. Sarah M. Bynum against the Memphis & Charleston Railroad Company, reported in 92 Ala. 355. It was decided by this court in that case that "the cotton belonged to the husband, and the wife can not maintain this action." On the reversal of the case, another suit was brought within a year from the date of the remandment, in the name of O. H. Bynum, as trustee for Mrs. Sarah M. Bynum.

The question presented on this appeal is, whether a suit thus brought within one year by the husband, styling himself trustee takes the case without the influence of the statute, which prescribes one year as the limit, within which actions of this character must be brought. We find no trouble in

[St. Louis Brewing Association v. Austin, Receiver, &c.]

determining that the provisions of section 2623 of the Code of 1886, do not apply to a case like the present. We fail to see how this section can have any application to the case as presented on this appeal. As is stated above, this court decided that the cotton in controversy was not the property of Mrs. Bynum, but belonged to the husband; not as trustee, but in his own right. He was the proper party plaintiff.

Styling himself trustee of his wife can not help his case. His trusteeship did not extend to this property. It was his own. The legal representative mentioned in § 2623 of the Code, as authorized to bring a second suit, is a legal representative proper; the person in whom the law vests the title to personalty, on the death of the owner.

There is no error in the record.

Affirmed.