## MEDDIS, Appellant, v. WILSON et al.

### Division One, May 27, 1903.

1. **Nonsuit:** FAILURE TO PROSECUTE. Dismissal of a suit for failure to prosecute is a nonsuit within the meaning of the statute which permits another action to be brought for the same purpose by the same plaintiff within one year after nonsuit.

2. ————: SAME PLAINTIFF. In order to save the second action from the bar of the statute permitting a suit to be brought within one year after nonsuit, the cause of action and the plaintiff must be the same in both actions. The plaintiffs in both actions need not be the same in name, but they must be substantially the same in fact, that is, they must sue in the same right.

3. ————: ————: EJECTMENT. The defendant and plaintiff claimed title under a common grantor. One Albert had become the purchaser at an execution sale against such common grantor, and afterwards defendant entered into possession. One year later Albert died, by his last will leaving all his property to his widow, and seven years later she instituted suit in ejectment against defendant, but this suit had not been tried at the time of her death eight years later. Then the suit was revived in due time in the name of her heirs, but before it was tried the land was sold under an order of the probate court for debts of Albert, and plaintiff became the purchaser and received an administration deed therefor, and then the suit by Albert's heirs was dismissed for want of prosecution, but within a year thereafter, but nineteen years after defendant' s admitted adverse possession began, this suit was brought. *Held,* that there is no identity of right between plaintiff in this suit, who claims by reason of his purchase from Albert's executor, and the plaintiffs in the first suit, who claimed as heirs of Albert's devisee, nor are the plaintiffs the same, but, on the contrary, the interests of the plaintiffs in the two suits are antagonistic, and hence plaintiff can not institute a suit within one year after a nonsuit in the other.

## Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*R. L. Wilson, F. E. Burrough* and *M. A. Dempsey,* for appellant.

It is contended by counsel on the other side that this action has been barred by lapse of time. It is admitted that their contention would be correct if the right had not been saved by section 4285, Revised Statutes 1899. Teresa Albert, devisee of John Albert, deceased, brought an action of ejectment against certain defendants, through whom the defendants herein claim to have derived therein title and right to possession. She died in 1896 and the action was revived by her heirs. The personal assets of John Albert's estate were insufficient to pay its indebtedness and accordingly while said action of ejectment was pending the probate court ordered the real estate involved in said action to be sold to pay the debts of the estate and the present plaintiff, who is the only unpaid creditor of John Albert, became the purchaser at a sale had in pursuance of said order. The effect of said order and sale was to divest the heirs of Teresa Albert, the former plaintiff, of all right and claim to said property and to transfer to the present plaintiff, who was the sole unsatisfied creditor, all the rights and claims of the heirs and devisees of John Albert so far as the title to said property was concerned. Page v. Culver, 55 Mo. App. 66; Schultz v. Lindell's Heirs, 40 Mo. 355; Jackson v. McGruder, 51 Mo. 55; Gelb v. Montague, 102 Ill. 446; Foot v. Overman, 22 Ill. App. 181. The heirs of Teresa Albert then having no further interest in prosecuting said suit, permitted a nonsuit to be entered; and thereupon within less than one year the present plaintiff instituted this action. It is contended by our opponents that since we do not come expressly within the letter of the statute, not being the original plaintiff, or the "heir or executor or administrator," we have no right of action. We claim that the right of action herein was an asset of the estate of John Albert; that the suit of Teresa Albert per-

petuated and kept alive that asset; that the probate court had the power to dispose of such asset to satisfy claims of creditors of the deceased, and had the power to and did transfer to the purchaser at the sale, not a dead claim, but a living right of action; and we claim that by a fair and sensible construction of the statute the Legislature intended to grant, and did grant, not a mere personal right, but an extension of life to the right of action itself, and that the act vests the right of action in the present plaintiff.  Shively v. Berion, 24 Kan. 352; Moody v. Threlkeld, 13 Ga. 55; Anthony Mo. Co. v. Law, 61 Pac. 745; McWhirt v. McKee, 6 Kan. 412; Thornburgh v. Cole, 27 Kan. 490; Harrison v. McMurray, 71 Tex. 122; Bank v. Magness, 11 Ark. 344; Walkers v. Peay, 22 Ark. 103; Railroad v. Morees, 49 Ark. 246; Smith v. McNeal, 109 U. S. 426; Glenn v. Liggett, 135 U. S. 533; Tiffin v. Lewis, 52 Mo. 49; Patton v. McGrath, 1 McNull (S. C.) 212; Armstrong v. Nixon, 16 Tex. 610; Myraham v. Regan, 24 Miss. 213; Hull v. Deatley's Admr.; 70 Ky. 687; Baker v. Baker, 13 B. Mon. (52 Ky.) 406.

*L. F. Parker* and *M. R. Smith* for respondents.

(1)  It is admitted by appellant in his statement that the statute of limitations began to run against John Albert in August, 1880, and having run against him it would continue to run against his heirs notwithstanding the suit by Teresa Albert, his devisee, even though the heirs were, at the time descent was cast, laboring under some statutory disability, which was not so in this instance.  Rogers v. Brown, 61 Mo. 195; Cunningham v. Snow, 82 Mo. 592; Pim v. St. Louis, 122 Mo. 666; 3 Patt. Comp. Digest, p. 2327.  (2)  The statute barred his (John Albert's) heirs, for they brought no suit, and no person representing them brought any for them, and hence any interest or claim that they had in the property was barred long before the executor sold the prop-

erty to pay their ancestor's debts. Wood on Limitations (3 Ed.), p. 12; Bozeman v. Browning, 31 Ark. 379. (3) This suit, brought by a purchaser of John Albert's property, sold by the executor of his last will to pay his debts, can not be held to be a continuation of the suit brought by Teresa Albert as his devisee, which, after her death, was revived in the names of her (children) heirs and legal representatives, for the reason that the old suit, while Teresa Albert was living, was to recover property alleged to belong to her, and after she was dead it was changed into a suit to recover property alleged to belong to her heirs and legal representatives, but it was never a suit to recover property alleged to belong to John Albert's estate, or to protect any right that he had in it. R. S. 1899, sec. 4285; Cheeny's Admr. v. Archer (S. Car. L.), Riley 199; Ross v. Sims, 27 Miss. 361; Williams v. Council, 4 Jones L. (N. Car.) 216; Moss v. Keesler, 60 Ga. 44; Patton's Admr. v. Magrath, 1 McMul. 212; Hughes v. Brown, 8 L. R. A. (Tenn.) 482; Harrison v. McMurray, 71 Tex. 127; Siegfried v. Railroad, 50 Ohio St. 296; Whetstine v. Wilson, 104 N. C. 388; Crow v. State, 23 Ark. 692. Abandonment of suit and dismissal by the court for the want of prosecution: Lawrence v. Winefrede Coal Co., 35 S. E. 926; Pardy v. Town of Mechanicsville, 101 Iowa 268; Lock Tutrix v. Barrow, 25 La. Ann. 18; Patton's Admr. v. Magrath, supra. (4) This suit, brought by appellant (Sept. 4, 1899), is not within the letter or spirit of section 4285, Revised Statutes 1899 (admitting that the suit of Teresa Albert and its revival in the names of her heirs was effectual in arresting the running of the statute until it was dismissed, March 13, 1899). Karnes v. Ins. Co., 144 Mo. 419.

BRACE, P. J.—This is an action in ejectment, instituted on the 4th day of September 1899, in the Cape Girardeau Circuit Court, to recover possession of the

following described real estate situate in said county, to-wit: "The northwest quarter of section nine in township twenty-nine north, of range twelve east, containing one hundred and sixty acres, except a strip of ground one hundred feet wide across the same occupied by the Belmont branch of the St. Louis, Iron Mountain and Southern railway as a roadbed and right of way, and a strip of ground one hundred feet wide across the same occupied by the Southern Missouri & Arkansas Railway Company as a roadbed and right of way, and a strip of ground across the same one hundred feet wide occupied by the Gray's Point Railway Company."

The judgment was for the defendants, and the plaintiff appeals. The defendant, the Southern Missouri & Arkansas Railroad Company, is the landlord in possession of the premises by its tenants, the other defendants. The common source of title is the Cape Girardeau & State Line Railroad Company. The plaintiff claimed title under two deeds, one dated November 4, 1875, from the marshal of Cape Girardeau Court of Common Pleas, conveying all the right, title, and interest of the said Cape Girardeau & State Line Railroad Company in the premises to John Albert, duly executed in pursuance of a sale on execution under a judgment of said court dated January 30, 1874, against said railroad company, in favor of John Albert and Sebastian Albert, and the other dated February 8, 1899, from the administrator of the estate of said John Albert, deceased, conveying all the right, title and interest of which he died seized in the premises to the plaintiff.

The answer was a general denial, a plea of the statute of limitation, and two pleas of estoppel.

The defendants claimed title by mesne conveyances from the common source; under which, their grantors went into actual possession of the premises, and as plaintiff concedes that the defendants and those under whom they claim have been in actual, continuous, adverse possession of the premises for more than ten

years before this suit was brought, and defendants do not now rely upon their paper title, but upon their defense of the statute of limitations and estoppel, it is unnecessary to set out the defendant's chain of title. Counsel for plaintiff admit that this action is barred by lapse of time, unless the facts to be presently stated bring the case within the provisions of section 4285, Revised Statutes 1899 (sec. 6784, R. S. 1889), which is as follows:

"If any action shall have been commenced within the times respectively prescribed in this chapter, and the plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or, after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed; and if the cause of action survive or descend to his heirs, or survive to his executors or administrators, they may, in like manner, commence a new action within the time herein allowed to such plaintiff, or, if no executor or administrator be qualified, then within one year after letters testamentary or of administration shall have been granted to him."

The facts relied upon to bring the case within the provisions of this statute are as follows:

On the 25th of September in the year 1881, John Albert died testate. By his last will and testament, duly admitted to probate on the 5th day of October, 1881, he devised the premises to his wife, Teresa Albert, and on the same day letters testamentary and of administration were granted and issued on his estate. Afterwards on the 10th day of April, 1888, a suit in ejectment to recover possession of the premises was instituted by the said Teresa Albert in the Cape Girardeau Circuit Court against Robert E. and George McNeely, terre-tenants of the Cape Girardeau Southwestern Railway Company, one of the grantors in defend-

ant's chain of title, to which suit the said railway com-
pany became a party defendant, and in its answer after
putting in issue plaintiff's title, set up its own chain of
title from the common source aforesaid, and pleaded
estoppel and the statute of limitations.

The venue of said action was changed, first to the
Cape Girardeau Court of Common Pleas, thence to the
Stoddard Circuit Court, where the same remained pend-
ing and untried until the March term, 1896, of said
court, when the death of the said Teresa Albert was
suggested, her heirs at law entered their appearance;
and thereafter at the March term, 1897, of said court
the suit was duly revived in their names, and thereafter
still remained pending in said court, untried, until the
March term, 1899, when it was disposed of by the fol-
lowing order (omitting caption), entered of record on
the 13th day of March, 1899, to-wit: "This cause com-
ing on to be heard and it appearing to the satisfaction
of the court that the plaintiffs herein do not appear to
prosecute in this cause, it is thereupon ordered that this
cause be dismissed for want of prosecution."

The defendant's grantors were in the adverse pos-
session of the premises at the time John Albert died.
At the time of his death, he was largely indebted, large
claims were early allowed against his estate, and after
many delays in the administration, his real estate, in-
cluding among other lands, the lands in suit, was sold
at administration sale on the 5th day of January, 1898,
for the payment of his debts, under an order of the pro-
bate court originally made at the May, and renewed at
the August term, 1897, of said court. At the sale the
Fidelity Trust & Safety Vault Company, executor of
the last will and testament of John Callaghan, deceased,
a creditor of said Albert, in order to secure the debt
from his estate to the estate of the said Callaghan, be-
came the purchaser of the lands in suit for thirteen hun-
dred dollars, and took title thereunder by said deed of
February 8, 1899, in the name of the plaintiff, who holds

the same in trust for said company and its *cestui que trust.*

The evidence tended to prove, and counsel for plaintiff concede the fact to be, that the adverse possession of defendants and their grantors began in August, 1880, but contend that this action commenced by him on the 4th of September, 1899, is not barred by the statute by reason of the institution, pendency and dismissal of the suit instituted by Teresa Albert as aforesaid, and this presents the crucial question in the case.

(1) It is not seen how this contention can be maintained. When John Albert died the statute of limitations had been running in defendant's favor against him for about one year. His death did not arrest its course. It continued running as before, against every one claiming under him, so that, when plaintiff instituted this suit on the 4th of September, 1899, the statute had been running in the defendant's favor against *his right of action* for more than nineteen years, and for more than nine years it had been barred by the provisions of section 4262 of that statute.

When Teresa Albert instituted her suit on the 10th of April, 1888, the statute had been running against *her right of action* for a period of less than eight years. Her action was not barred under the provisions of that section, and might be maintained by her or in case of her death by her heirs in whom her right immediately vested on her death, until its termination. It was so maintained by her until her death in 1896, and thereafter by her heirs until March 13, 1899, when that action terminated by the order of court aforesaid of that date, which may be termed a "nonsuit" within the meaning of section 4285, supra. [6 Ency. of Plead. and Prac., p. 828; Shaw v. Pershing, 57 Mo. 416; Hewitt v. Steele, 136 Mo. 327.] By virtue of the provisions of that section the heirs of Teresa Albert, *the plaintiff* in that suit, who suffered such nonsuit, might have commenced a new ac-

tion within one year after "such nonsuit suffered," which would not have been barred. Hence they could have "commenced a new action" on the 4th of September, 1899, when this action was commenced, which would not have been barred. But no such right is conferred by this statute upon the plaintiff in this action. That right is given only to the plaintiffs in the former action who had suffered a nonsuit therein. The plaintiff in this, was not the plaintiff in that action, and suffered no nonsuit therein, and manifestly is not protected by the provisions of this section of the statute.

But it is contended that although the plaintiff's action is not within the terms of this section, it is within its spirit, and therefore ought not to be held to be barred. No support for this contention is to be found in the rulings of this or any of the appellate courts, of this State upon this statute, nor have we been able to find any in the cases cited from other jurisdictions upon similar statutes. The rule seems to be universal that in order to save the second action from the bar of the statute, the cause of action must be the same, and the plaintiff must be the same in both actions. [19 Am. and Eng. Ency. of Law (2 Ed.), p. 265, notes 4 and 6, where the cases are collected.]

It is not essential in all cases that the plaintiff in both cases should be the same *eo nomine,* but they must be substantially the same—suing in the same right—as where the first suit was by the original trustee and the second by his successor in the trust (James v. Biscoe, 10 Ark. 184); where the first suit was by the original administrator and the second by his successor (Moody v. Threlkeld, 13 Ga. 55); where the first suit was by a holder of a promissory note, and the second by the assignee pending the first suit (Anthony Invest. Co. v. Law (Kan.), 61 Pac. 745; Thornburgh v. Cole, 27 Kan. 490; Shively v. Beeson, 24 Kan. 352). These and like cases are cited by counsel for plaintiff in support of their contention. But this case does not come within

that class of cases.   In those cases the plaintiff in the second suit, while not the same in name as the plaintiff in the first, was the same in substance, and in right. Here there is no identity of right, or privity of interest between the plaintiffs in the first suit and the plaintiff in this suit.   The  plaintiffs in the first suit in  which they suffered a nonsuit, were maintaining their action in right of their mother as devisee of John Albert, deceased.   The plaintiff in this action is suing on a right acquired by deed from the administrator of said deceased.   This right is not only not the same in either form or substance as the right in which the former suit was brought and maintained, but is in fact antagonistic and hostile to it.   Hence, this action can not be within the spirit, any more than it is within the letter of this section of the statute, and not coming within the protection of its provision is forever barred by the defendant's adverse possession.   Such being the case it becomes unnecessary to inquire whether or not plaintiff was estopped from setting up his paper title in the action; as the judgment must have been for the defendants in any event.

The judgment of the circuit court is therefore affirmed.

All concur, except *Robinson, J.,* absent.