### MIDLAND OIL CO. v. MOORE et al.

(Circuit Court of Appeals, Eighth Circuit. October 18, 1924.)

No. 6575.

1. **Limitation of actions** ⊜130(11) — **When tort actions saved from bar by Oklahoma statute stated.**

Comp. St. Okl. 1921, § 190, requires that plaintiff in first action shall be plaintiff in second action, and that cause of action in both be same, in order that one tort action brought within two years shall save second action brought in one year from first action from bar of two-year statute.

2. **Partnership** ⊜199—**Action for injuries to cattle must be brought in name of all partners.**

Cause of action for injuries to partnership cattle and right to bring action on it was joint right of partners, and action to recover damages could not be properly brought without all partners joining as plaintiffs, whether brought before or after dissolution of firm.

3. **Limitation of actions** ⊜130(11)—**Action by partners for injury to partnership cattle held barred under Oklahoma statutes.**

Action by partners for injuries to partnership cattle, not brought within two years of injury, was barred, though within two-year period liquidating partner had brought action in his own name, which failed within one year preceding bringing of action, by partners, notwithstanding Comp. St. Okl. 1921, § 190.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action at law by V. P. Moore and Benjamin Ball, copartners doing business under

firm name and style of Moore & Ball, against the Midland Oil Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

S. N. Hawkes, of Bartlesville, Okl. (H. O. Caster, Hayes McCoy, and J. J. Hedrick, all of Bartlesville, Okl., and A. C. Hough, of Oklahoma City, Okl., on the brief), for plaintiff in error.

Frank T. McCoy, of Pawhuska, Okl. (E. E. Grinstead, E. F. Scott, and A. M. Widdows, all of Pawhuska, Okl., and J. R. Spielman, of Oklahoma City, Okl., on the brief), for defendants in error.

Before SANBORN and LEWIS, Circuit Judges, and FARIS, District Judge.

LEWIS, Circuit Judge. This action was brought on December 6, 1921, in the State court, in the names of V. P. Moore and Benjamin Ball as partners, against plaintiff in error, defendant below, to recover damages. Then it was removed to the court below. The complaint alleges that the plaintiffs, as copartners, were the owners of 235 head of cattle which they kept in a pasture, that on and after December 15, 1918, and up to April 25, 1919, defendant, in carrying on its mining operations nearby negligently permitted oil, salt water and other refuse to escape and flow into the water supply for said cattle whereby the water was poisoned, that between December 15, 1918, and April 25, 1919, plaintiffs' cattle drank the polluted water and were seriously injured, to plaintiffs' damage. Injury to the cattle, by itself, did not give rise to a cause of action. It was the tortious act resulting in damages to the owners of the cattle that gave them a right to sue and recover those damages. No one else had that right.

Seeking to avoid the bar of the Statute of Limitations, which provides that such an action as this can only be brought within two years after the cause of action shall have accrued, the complaint further alleges that on or about April 25, 1919, plaintiffs attempted to dissolve their copartnership by dividing their property, and in such attempted dissolution the plaintiff Benjamin Ball became the owner of the 235 head of cattle in question, with the right to prosecute the present action against the defendant as liquidating partner of said copartnership, that thereafter, on July 21, 1919, Benjamin Ball commenced his certain action in the district court of Osage County, Okl., seeking to recover from the defendant herein on the same cause of action set forth in the peti-tion herein, that thereafter, on the 6th day of July, 1921, said district court, on motion of defendant, required plaintiff Ball to separate his causes of action, and thereafter, in obedience to the ruling and judgment of said district court, the instant action was filed in the district court of Osage County, Okl., on December 6, 1921. The purpose of the pleader was to bring the case within Section 190, Comp. Stat. Okl. 1921, which reads:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

Over objections of defendant, made in various ways during the trial, the court held that under this section and the facts pleaded the bar did not apply. This ruling is assigned as error.

[1] The present action was not brought within two years after the cause of action stated in the complaint accrued, and the inquiry is whether it was saved from the bar by Section 190 on the facts stated and proved. It is the intention of the section that the parties in the two actions shall be the same. It expressly requires that the plaintiff in the first action shall be the plaintiff in the second; and the cause of action in both should, we think, be the same. 19 Amer. & Eng. Encyc. Law (2d Ed.) 265; Bynum v. Memphis C. & R. Co., 100 Ala. 311, 13 So. 910; Gray v. Trapnall, 23 Ark. 510; Doyle v. Wade, 23 Fla. 90, 1 So. 516, 11 Am. St. Rep. 334; Smith v. Bourbon County, 42 Kan. 264, 21 P. 1109; Hughes v. Brown, 88 Tenn. 584, 13 S. W. 286, 8 L. R. A. 480; Sidener v. Galbraith, 63 Ind. 89; Moss v. Keesler, 60 Ga. 44; Ross v. Sims, 27 Miss. 359; Meddis v. Wilson, 175 Mo. 126, 74 S. W. 984; Tiffin v. Leabo, 52 Mo. 49; Crow v. State, 23 Ark. 684; H. B. Claflin v. Banking Co. (C. C.) 113 F. 958; Brown v. Erie R. Co., 176 F. 544–547, 100 C. C. A. 132; Whalen v. Gordon, 95 F. 305, 37 C. C. A. 70. In the first action brought against defendant on July 21, 1919, in the name of Ball only, he alleged in his complaint that he and Moore owned the cattle until about June 16, 1919, when Moore sold his interest in the cattle to Ball and assigned to Ball his interest in all claims for damages suffered by Moore and Ball on account of injuries to the cattle because of negligence on the part of the Midland Oil Com-

pany. Ball charged in that complaint that the defendant Midland Oil Company, on or about and subsequent to January 15, 1919, polluted the water in carrying on its mining operations, that the cattle drank therefrom and were poisoned and injured to plaintiff's damage. The damage resulting from those injuries was stated and Ball prayed for judgment for the full amount. Clearly, that action was brought solely in the interest of Ball. He amended his complaint several times. The alleged date of dissolution of the partnership was changed from June 16 to April 25, 1919. The record of the proceedings in that case in the State court leads to the conclusion that the court there was of the opinion that Ball's complaint stated two causes of action, one for damages that had accrued while the cattle were held in partnership and another after they became the sole property of Ball, and it entered an order that Ball file an amended complaint stating "his single cause of action, or such separate causes of action as he may have." He then filed his fourth amended complaint, on which the case went to trial. In the fourth amendment he alleged that defendant polluted the water from April 25 to September 1, 1919, that he was the owner of the cattle on and after April 25, 1919, and he asked judgment for damages that had accrued after April 25.

[2, 3] At no time was Moore made a party to that cause. That action was at all times prosecuted in the name of and for the individual use and benefit of Ball. The present action was brought in the name of V. P. Moore and Benjamin Ball as partners, and they confined their claim to the damages which accrued prior to April 25, 1919. The judgment which they have recovered is in favor of V. P. Moore and Benjamin Ball as partners. The contention is that because Ball, in the first action, sought to recover in his original complaint the damages that accrued to the partnership, which, however, he eliminated in his fourth amendment, he thereby saved from the bar the cause of action in favor of the partners. Ball never had a cause of action to recover the damages suffered by the partnership. That cause of action, and the right to bring an action on it, was a joint right of the partners, and an action to recover those damages could not be properly brought without all of the partners joining as plaintiffs, whether brought before or after dissolution of the firm. 15 Encyc. Pl. & Pr. 864, 878. Ball's complaint in the first action never stated a cause of action in behalf of the plaintiffs in this action. Moore and Ball as partners had a cause of action against defendant for damages which they had suffered on account of defendant's negligence while the cattle belonged to the partnership. No one else had that cause of action or a right to bring an action thereon; and they never brought such an action until they brought this one, which was long after the statutory period of limitation had run.

The facts pleaded and proved wholly failed, in our judgment, to bring the plaintiff's case within the terms of Section 190, this action was barred when it was brought, and the court erred in holding that it was not. Other errors assigned need not be considered.

Reversed and remanded.