## STEADFAST INSURANCE COMPANY, Plaintiff,

v.

## SHERIDAN CHILDREN'S HEALTH-CARE SERVICES, INC., et al., Defendants.

### No. 97–7357–CIV.

United States District Court, S.D. Florida.

Sept. 30, 1998.

---

Bradley S. Fischer, Melito & Fischer, Ft. Lauderdale, FL, Ignatius John Melito, Neil Sambursky, Melito & Fischer, New York City, for Steadfast Ins. Co.

Richard Hugh Lumpkin, Keith Mack, Miami, FL, Dean A. Mitchell, Law Offices of Dean A. Mitchell, Miami, FL, Jay A. Martus, Hollywood, FL, for Sheridan Children's Healthcare Services, Inc.

Jeff Steven Abers, Fazio, Dawson, DiSalvo, Cannon, Abers & Podrecca, Ft. Lauderdale, FL, for Vicki L. Johnston, M.D., Vicki L. Johnston, M.D., P.A., Richard Auerbach, M.D., Richard Auerbach, M.D., P.A., Mesfin Afework, M.D., Mesfin Afework, M.D., P.A., Lester McIntyre, M.D., Lester McIntyre, M.D., P.A., Bruce I. Schulman, M.D., Bruce I. Schulman, M.D., P.A., Kathy Mela, A.R.N.P.

Jean Kneale, Mark Hicks, Miami, FL, for Physicians Protective Trust Fund.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT

FERGUSON, District Judge.

This cause is before the Court on the motions for partial summary judgment, or summary judgment, filed by each of the parties [D.E. 30, 42, 63, 84]. Resolution of the motion filed by the insured, Sheridan Children's Healthcare Services, Inc. ("Sheridan"), adjudicates the common issue presented by the motions: whether an insurance carrier which asserts a defense to coverage may unilaterally settle a suit over the objection of its insured, then seek reimbursement from its insured. On the facts of this case the answer is no.

### Synopsis of Facts

Steadfast Insurance Company ("Steadfast") issued and delivered to Sheridan a Medical Group Practice Professional Liability policy providing coverage to Sheridan and various physicians and other professionals employed by Sheridan. Sheridan received notice that it, as well as certain doctors and nurses, were going to be sued for alleged negligence that resulted in the loss of an infant's arm. Sheridan, on its own behalf and on the behalf of its employees, including Dr. Vicky L. Johnston, advised Steadfast of the claim and hired the law firm of Haliczer, Pettis and White, P.A. ("Haliczer") to represent all the defendants against the claim. In May 1997, the parents of the infant sued Sheridan and its employees seeking damages arising out of the alleged negligent care. Copies of the complaint filed in this Baillou–Guy malpractice suit were forwarded to Steadfast and Haliczer.

In July 1997, Steadfast mailed to Sheridan its first letter setting forth Steadfast's coverage position, i.e., that Sheridan was not covered by its liability policy and that Dr. Johnston would be defended under a reservation of rights.

Prior to mediation, scheduled for September 11, 1997, Sheridan sought to obtain as-

surance from Steadfast that it would not settle the Baillou–Guy claim and then seek reimbursement from Sheridan above Sheridan's self-insured retention. Sheridan also advised Steadfast that unless it confirmed coverage or agreed not to seek any settlement monies from Sheridan or its professional employees, Sheridan wished to cancel the mediation and proceed to court in a declaratory action to resolve Steadfast's coverage issues.

On September 8, 1997, Steadfast had written to Sheridan advising that it had a valid defense to coverage for the Balliou–Guy claim and suit, but that it intended to participate and resolve the claim and suit while preserving its right to recover from Sheridan and the other defendant-insureds, all or a portion of any settlement monies paid. Steadfast requested that Sheridan execute a non-waiver agreement permitting Steadfast to recover from Sheridan; Sheridan refused.

Steadfast appeared at the mediation conference and hand-delivered a letter to Haliczer, counsel for Sheridan, advising that Steadfast was taking control of the defense of Sheridan and Dr. Johnston under the terms of the policy. The Baillou–Guy claim and suit did not settle on the scheduled mediation date—September 11, 1997—as the proceeding was suspended by the mediator. On September 12, 1997, without prior consent of Sheridan, Steadfast settled the Baillou–Guy claim and suit for $1,500,000. Sheridan at all times objected to the settlement amount as excessive, and to Steadfast's position on coverage.

### Discussion of Law

Although there is an unresolved dispute whether the Florida Claims Administration Statute applies in this case, its principles are instructive. *See* § 627.426, Fla. Stat. (1997). Under this Statute, an insurance carrier has a certain period of time to do one of three things where coverage is disputed: (1) assume the defense without reservation; (2) obtain a non-waiver agreement following a full disclosure of the coverage defenses sought to be preserved; or (3) send a reservation of rights letter and appoint mutually agreeable defense counsel. *See id.* None of these choices were exercised by Steadfast.

■ The Claims Administration Statute essentially codifies case law. Courts have also recognized several options available to an insurance carrier which has a perceived valid defense to coverage against third-party claims made on its insureds. First, it may investigate the claim under a reservation of rights and then withdraw its defense and deny coverage, if its investigation reflects a good faith basis for doing so. *See Liberty Mutual Ins. Co. v. Lone Star Indus., Inc.,* 661 So.2d 1218, 1220 (Fla. 3d DCA 1995), *review denied,* 671 So.2d 788 (Fla.1996). Second, an insurance carrier may institute a declaratory action to establish non-coverage while defending under a reservation of rights. *See, e.g., Travelers Ins. Co. v. Emery,* 579 So.2d 798, 800 (Fla. 1st DCA 1991). Finally, an insurance carrier may settle the underlying cause of action thereby waiving any defenses to coverage which it otherwise might have asserted. *See Employers Mutual Liability Ins. Co. v. Sears, Roebuck and Co.,* 621 F.2d 746, 748 (5th Cir.1980). No case authority holds that an insurer may deny coverage for a claim made against its insured, exclude the insured from participation in negotiations or litigation of the claim, settle over the objections of the insured, then sue the insured for reimbursement.

■ Sheridan concedes an absence of on-point authority in Florida concerning the ability of an insurance carrier to recover settlement monies paid on behalf of its insureds before the issue of coverage for a specific loss is resolved. Florida does follow the majority rule that an insurance carrier has no right of subrogation against its own insureds. *See Travelers Ins. Co. v. Warren,* 678 So.2d 324, 328 (holding an insurance company has no right of subrogation against its own insureds).

There is persuasive on-point case law from other jurisdictions. On similar facts, the Massachusetts Supreme Court held in *Medical Malpractice Joint Underwriting Ass'n of Massachusetts v. Goldberg,* 425 Mass. 46, 58–59, 680 N.E.2d 1121, 1129 (Mass 1997):

> Where an insurer defends under a reservation of right to later disclaim coverage, as ... here, it may later seek reimbursement

for an amount paid to settle the underlying tort action only if the insured has agreed that the insurer may commit the insured's own funds to a reasonable settlement with the right later to seek reimbursement from the insured, or if the insurer secures specific authority to reach a particular settlement which the insured agrees to pay . . . .

The *ruling* is equitable in the sense that an insurer, who asserts a lack of interest in a claim by denial as to coverage, should have no standing to obligate the insured. Other courts have reached the same conclusion by treating an insurer as a volunteer when it simultaneously denies coverage and settles a claim without the insured's consent. *See Mt. Airy Ins. Co. v. Doe Law Firm,* 668 So.2d 534, 537 (Ala.1995)("[W]here one party, with full knowledge of all the facts, voluntarily pays money to satisfy the colorable demand of another, no action will lie to recover such a voluntary payment, in the absence of fraud, duress, or extortion.").

Steadfast presented no facts which would exempt it from the general rule which precludes an action by an insurer against its own insured to recover payment made to a third-party to settle a claim against the insured.

*Conclusion*

For the reason that Steadfast failed to obtain a non-waiver agreement allowing it to recover from its insured money paid to settle a third-party claim, it has no right to recover against its insured, Sheridan or its professional employees.

Sheridan's Motion for Partial Summary Judgment [D.E. 30] is **GRANTED.** Steadfast's Motions for Partial Summary Judgment [D.E. 42, 84] are **DENIED.** Doctors and Nurse Defendants' Motion for Entry of an Order Granting Judgment Against Steadfast [D.E. 63] is **GRANTED.**