**NOBEL INSURANCE COMPANY**
**Plaintiff**

v.

**AUSTIN POWDER COMPANY and APAC–Arkansas, Inc. d/b/a/ Arkhola Sand and Gravel Company Defendants**

No. CIV. 02–2090.

United States District Court,
W.D. Arkansas,
Fort Smith Division.

April 4, 2003.

Alfred F. Angulo, Jr., Laser, Wilson, Bufford & Watts, P.A., Little Rock, AR, for Plaintiff.

Rick T. Beard, III, Mitchell, Williams, Selig, Gates & Woodyard, Little Rock, AR, Mark W. Dossett, John Grant Trice, Davis, Wright, Clark, Butt & Carithers, PLC, Fayetteville, AR, for Defendant.

### MEMORANDUM OPINION AND ORDER

DAWSON, District Judge.

Nobel Insurance Company (hereinafter "Nobel") brings this diversity action seeking a declaratory judgment that an insurance policy it issued to Austin Powder Company (hereinafter "Austin Powder") provided no coverage for a personal-injury claim asserted against APAC–Arkansas, Inc., d/b/a/ Arkhola Sand and Gravel Company (hereinafter "APAC") as an additionally named insured. Nobel also seeks reimbursement for sums it expended to defend and settle the claim against APAC, while reserving its right to contest coverage. Currently before the Court are the parties' cross-motions for summary judgment. For the reasons stated herein,

APAC's motion (Doc. 22) is GRANTED and Nobel's motion (Doc. 25) is DENIED.

***Background***

The following facts are not disputed:

1. Nobel issued a policy of commercial general liability insurance to Austin Powder with effective dates of May 1, 1998 to May 1, 1999.

2. The policy contained language that covered blasting operations Austin Powder was performing at a quarry owned by APAC.

3. Pursuant to a verbal contract, APAC provided information to Austin Powder as to where the drilling and blasting work was to be performed. A condition of the verbal contract required Austin Powder to include APAC as an additional insured on the policy issued by Nobel. On April 24, 1998, Nobel issued a certificate of liability insurance naming APAC as an additional insured under the policy.

4. On October 7, 1998, Paul Mitchell, an employee of Austin Powder, was injured while working at APAC's quarry site. On May 4, 2001, Mitchell and his wife sued APAC in state court.

5. APAC demanded that Nobel defend and indemnify APAC for any damages arising from the lawsuit. Nobel initially refused to provide a defense because it could not determine whether the policy provided coverage to APAC for the allegations made in the lawsuit.

6. In a letter dated June 28, 2001, Nobel advised APAC:

   To the extent that we cannot determine whether coverage applies, we are assuming the defense of APAC under a full reservation of rights. This means that no action taken to date, nor any action this company may take in the future to investigate, explore settlement or defend this matter shall be deemed an admission of coverage. [We] expressly reserve all rights of denial afforded under the policy of insurance issued to Austin Powder Company. Defense counsel ... will be appointed to represent APAC, subject to the provisions of this letter. To the extent that we cannot determine whether coverage applies or whether all allegations are covered, we invite APAC to retain counsel at its own expense, to represent its interests. (Doc. 22 Ex. C at p. 10.)

7. On March 18, 2002, the Mitchell lawsuit proceeded to trial in state court. In a letter dated March 21, 2002, Nobel advised APAC:

   Although invited to do so, APAC–Arkansas has not settled or attempted to settle this loss. Because of the uncertainty of whether coverage applies ..., we invite APAC–Arkansas to undertake the negotiations and settlement of this loss. You were consulted concerning settlement value and the factors regarding settlement while attending trial. Plaintiff's demand just dropped to $1,000,000. If you do not confirm immediately that you will do so, Austin Powder Company and Nobel Insurance Company will settle this claim as claims judgment dictates for up to $1,000,000, not as volunteer but in place of APAC–Arkansas who refused to settle this loss. Austin Powder Company and Nobel Insurance Company do not waive and specifically reserve all rights under the policy[ ], including the right to reimbursement from APAC–Arkansas for the money paid to settle this claim. (*Id.* at 62–63.)

8. In a letter dated March 22, 2002, APAC responded:

   I have received [your] letter dated March 21, 2002, which was apparently faxed to my office at approximately 4:00 p.m. By the time this letter was received in the office, Nobel had already taken the threatened action, without the knowledge or consent of APAC. As you

were well aware, I was not in the office at that time to receive your letter and you made no other attempts to contact me regarding this matter although you did have access to my cellular telephone number.... APAC acknowledges that this matter has now been settled with Mr. and Mrs. Mitchell by Nobel and/or Austin Powder [for a sum of $650,-000].... Despite protestations, it appears that Nobel Insurance Services did in fact either volunteer to settle this matter or settled this matter due to its liability for any damages awarded. APAC expects that it will receive no additional demands or requests for funds from or on behalf of Nobel Insurance Services. (*Id.* at 64–65.)

### Discussion

Nobel moves for summary judgment, arguing that the insurance policy at issue provided no coverage for the particular personal-injury claim asserted against APAC and that it is therefore entitled to reimbursement for the expenses it incurred in defending and settling the claim. APAC responds and moves for summary judgment, arguing that it was entitled to coverage under the policy and that, regardless of whether the claim was covered, Nobel has no right to seek reimbursement because it did not reserve such a right in the insurance contract or in its reservation-of-rights letter and Nobel settled the claim without obtaining prior approval by APAC. Nobel responds, "APAC knew all along that settlement was being discussed and was given the opportunity to participate but declined. It is a matter of equity that Nobel is entitled to recover sums it paid in order to settle a claim where there was a dispute of insurance coverage." (Doc. 28 at p. 2–3.)

A moving party is entitled to summary judgment if it can establish that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). The Court finds it unnecessary to address the insurance-coverage issue in this case, because, even if the claim was not covered, Nobel has no right to reimbursement of defense and settlements costs and APAC is therefore entitled to summary judgment.

■■■ While there is no controlling precedent on the issue, the general rule is that absent an express agreement by the insured, an insurer who defends a claim for which coverage did not exist is entitled to reimbursement costs for both the settlement amount and litigation expenses only if the insurer: 1) timely and explicitly reserved its right to recoup the costs; and 2) provided specific and adequate notice of the possibility of reimbursement. *See United Nat'l Ins. Co. v. SST Fitness Corp.*, 309 F.3d 914, 919 (6th Cir.2002). Nobel's letter dated June 28, 2001, advised APAC that it was assuming defense of the claim while reserving the right to contest whether the insurance policy covered the claim. The letter made no mention of the possibility that Nobel would seek reimbursement of the settlement amount and defense costs if coverage was found not to exist.

■■■ The terms and conditions of a reservation of rights letter are strictly construed and an insured must indicate its intent to seek reimbursement for defense costs in clear and unambiguous language. *See* 16 Couch on Insurance § 226:128 (3d Ed.) A general reservation of the right to contest coverage, such as the one involved here, does not suffice to bestow upon the insurer the right to seek reimbursement. *See Terra Nova Ins. Co. v. 900 Bar Inc.*, 887 F.2d 1213, 1217–19 (3d Cir.1989). Further, while Nobel did specifically reserve the right to seek reimbursement in its March 21, 2002 letter, it had already settled the claim by the time APAC re-

ceived this letter. Thus, Nobel did not timely reserve the right to reimbursement.

 Nobel argues that it is entitled to reimbursement as a matter of equity, but this argument has been rejected by other courts. In *Steadfast Ins. Co. v. Sheridan Children's Healthcare Servs. Inc.*, 34 F.Supp.2d 1364, 1366–67 (S.D.Fla.1998), the court held that an insurer could not recover settlement monies paid on behalf of its insured before the issue of coverage was resolved. The court explained, "The ruling is equitable in the sense than an insurer, who asserts a lack of interest in a claim by denial as to coverage, should have no standing to obligate the insured. Other courts have reached the same conclusion by treating an insurer as a volunteer when it simultaneously denies coverage and settles a claim without the insured's consent."

In the reverse context, where an insured settled a claim and then sought reimbursement from its insurer, the Arkansas Supreme Court held that the insured was not entitled to reimbursement. *See Dreyfus v. St. Paul Fire & Marine Ins. Co.*, 238 Ark. 724, 384 S.W.2d 245 (1964). The court quoted the following language from another case with approval, "The [insured] was under no duty to settle the claim. The policy gave it the option of contesting it, if it saw fit to do so. It had the right to await the decision of the court as to the claimant's demand, or to pay such sum in settlement as it saw fit. The [insured] apparently believed that it was to [its] interest to settle, rather than face the uncertainty of a trial and a possible verdict against [it], part of which [it] might have to pay." *Id.* at 248 (citation omitted).

### Conclusion

Based on the foregoing, Nobel is not entitled to reimbursement for sums it expended in defending and settling the claim against APAC. Accordingly, APAC's motion for summary judgment (Doc. 22) is GRANTED and Nobel's motion (Doc. 25)

is DENIED. As all issues in this case are now resolved, the April 21, 2003 trial is CANCELLED and this matter dismissed with prejudice, with each side to bear their own costs.