[Sac. No. 1144.   Department One.—September 18, 1905.]

ALBERT MATTESON and LYDIA J. MATTESON, Appellants, v. T. J. WAGONER, LOUISA J. WAGONER, and ELAM BIGGS, Respondents.

ACTION FOR RESCISSION—MORTGAGE CONTRACT—FRAUDULENT PROMISE TO PAY PRIOR MORTGAGE—MISUSE OF FUNDS—EQUITABLE LIEN—SUFFICIENCY OF COMPLAINT.—A complaint alleging that defendants, less than five months before suit, obtained a loan from plaintiff secured by mortgage, under a fraudulent promise made without intention of performance, to pay and extinguish a prior mortgage, that the money was used in part to pay a mortgage on other land of defendants, and in part in purchasing another tract, that only one hundred and sixty-five dollars had been paid in interest to plaintiff, that plaintiff had before suit offered to return the note and mortgage, and praying a rescission and cancellation thereof, and for judgment for the amount thereof, to be declared an equitable lien on the other tracts, and for general relief, states a sufficient and single cause of action.

ID.—AMENDED AND SUPPLEMENTAL COMPLAINT—PARTIES—MISJOINDER. —An amended and supplemental complaint setting forth the same cause of action, and properly bringing in a new party defendant upon an allegation that, subsequent to the beginning of the action, he had purchased the tract of land upon which the mortgage was paid with notice of plaintiff's rights, does not, as to the original defendants, show a misjoinder either of parties or of actions.

ID.—RIGHT OF RESCISSION—FRAUD IN PROMISE.—There is a clear right to rescind a contract obtained by a promise made without any intention of performing it, which constitutes fraud, and is ground for relief in equity.

ID.—LACHES NOT SHOWN.—Where the complaint alleges that considerable time elapsed, after the date of the mortgage contract, before the fraud was discovered, though it does not give the date of its discovery, nor of the offer to rescind, but it does not appear that the delay of five months in bringing the action prejudiced the de-

fendants, the complaint shows no such laches on its face as to defeat the action.

ID.—ELECTION TO AFFIRM CONTRACT NOT SHOWN—RECEIPT OF INTEREST —MATTER OF DEFENSE.—Where the complaint does not show on its face that the receipt of interest paid on the mortgage was subsequent to the discovery of the alleged fraud, and with a knowledge of its effect, to affirm the contract, such election is properly matter of defense.

ID.—RETURN OF INTEREST MONEY NOT A CONDITION OF RESCISSION.—A party rescinding a contract is not bound to restore that which in any event he would be entitled to retain; and as plaintiff is entitled to a return of the whole money loaned, with interest, he could not be required to tender the interest paid, whether he does or does not succeed in the action.

ID.—NEW PARTY—STATUTE OF LIMITATIONS—SUPPLEMENTAL COMPLAINT NOT DEFEATING BAR.—The statute of limitations runs in favor of the new party brought in by the supplemental complaint to the date of its filing, and where it was filed more than four years after the date of the purchase, and there is nothing in the supplemental complaint to show that a notice of *lis pendens* was filed, or to defeat the bar of the statute, a judgment in his favor under a plea of the statute will be affirmed.

APPEAL from a judgment of the Superior Court of Nevada County. F. T. Nilon, Judge.

The facts are stated in the opinion of the court.

John Caldwell, and C. W. Kitts, for Appellants.

A. D. Mason, for Respondents.

SHAW, J.—The plaintiffs appeal from a judgment in favor of the defendants upon demurrers to the second amended and supplemental complaints. With respect to the defendants other than Biggs, we think the demurrers were improperly sustained.

The complaint alleges in substance that on July 3, 1895, the defendants T. J. Wagoner and Louisa J. Wagoner were the owners of a tract of land of one hundred and sixty acres or thereabouts, upon which there was an existing lien of more than three thousand dollars, secured by a trust-deed; that the Wagoners requested of the plaintiffs a loan of thirty-three hundred dollars, for which they were to give their notes bearing interest at ten per cent per annum, payable one year

after date, and secured by a mortgage upon the said tract of land, and offered that, if the plaintiffs would make the said loan upon said security, they, the Wagoners, would, upon receiving the money on the loan, forthwith pay the same upon and in discharge of the pre-existing lien on the land and cause the same to be released, thus leaving the plaintiffs' mortgage as a first lien thereon, and affording the plaintiffs ample security for its payment; that said promise was made without any intention on the part of said defendants to perform the same, and with the intention of using said money for other and different purposes; that the plaintiffs accepted the proposition of said defendants and agreed to make the loan upon the terms proposed. In pursuance of this agreement, the mortgage and notes were executed and delivered to the plaintiffs, who thereupon, in reliance upon the promise of said defendants that they would take the money and pay the same in discharge of the prior lien and procure its release, delivered to the said defendants the thirty-three hundred dollars so agreed to be loaned upon said mortgage, to be used in discharging the prior lien according to the agreement. The defendants did not pay the money upon the prior lien, except the amount of about four hundred dollars thereof, and they have entirely failed to obtain a release of the prior lien. The land upon which the plaintiffs' mortgage was taken is not worth more than four thousand dollars, and the defendants T. J. and Louisa J. Wagoner are insolvent. As soon as plaintiffs learned that the prior lien had not been released or the money paid thereon, they demanded that the prior lien be forthwith released or said money returned. Prior to the beginning of the action they offered to cancel and return the notes and mortgage given by said defendants to them. It is alleged that said notes and mortgage have not been paid, except that said defendants had paid one hundred and sixty-five dollars on account of interest thereon. It is further alleged that the said defendants used seventeen hundred and fifty dollars of the said money in payment of a mortgage upon a different tract of land containing about fifty acres, and about two thousand dollars thereof in the purchase of another tract known as the "Hubie Ranch," and that they have one thousand dollars of it still remaining in their hands. The allegations of the supplemental complaint will be con-

sidered hereafter. The prayer of the complaint is, that the
mortgage and notes given to the plaintiffs be canceled; that
the plaintiffs recover of the defendants, the Wagoners, the
sum of thirty-three hundred dollars so loaned, with ten per
cent interest thereon from January 3, 1896; and that they
have a lien declared upon the Hubie ranch, and also upon
the tract described in the mortgage for seventeen hundred
and fifty dollars, which was released with a part of the
money. The demurrers to the second amended and supple-
mental complaint assign as grounds of demurrer that·it did
not state facts sufficient to constitute a cause of action; that
the cause of action was barred by the statute of limitations;
and that there was a misjoinder of causes of action and
parties.

So far as the Wagoners are concerned, it cannot be claimed
that the cause of action was barred by the statute of limita-
tions, nor that there is a misjoinder either of actions or of
parties. The original complaint was filed November 23, 1895,
less than five months after the mortgage was made, and the
amended complaint is substantially the same as the original.
The complaint does not state more than one cause of action,
and the defendant Biggs was properly made a party upon
the allegation that subsequent to the beginning of the action
he purchased the part of the land upon which the plaintiffs
desired to have the lien for seventeen hundred and fifty dol-
lars declared, the purchase being made with full notice of
the plaintiffs' claims and rights.

In determining whether or not the complaint is sufficient,
as against the demurrer, upon the ground that it does not
state facts sufficient to constitute a cause of action, the rule
is, that if upon a consideration of all the facts stated it ap-
pears that the plaintiff is entitled to any relief at the hands
of the court against the defendants, the complaint will be
held good, although the facts may not be clearly stated, or
may be intermingled with a statement of other facts irrele-
vant to the cause of action shown, or although the plaintiff
may demand relief to which he is not entitled under the facts
alleged.

There appears to be some confusion in the minds of counsel
in regard to the precise nature of the cause of action at-
tempted to be stated. It is clearly not an action to foreclose

the mortgage, nor to recover upon the notes the amount due thereon according to their terms. At the time the action was begun neither notes nor mortgage were yet due. It is plainly an action in equity to rescind the contract by which the loan was made and to secure a restoration of the money obtained from the plaintiffs thereon, upon the ground that the contract was induced and the money obtained by fraud.

The right to rescind is clear. A promise made without any intention of performing it constitutes fraud, and if by means of it a party has been induced to alter his position to his injury it is ground for relief in equity. (Civ. Code, sec. 1572.) A contract obtained by such means may be rescinded. (Civ. Code, secs. 1689, 3406; *Newman* v. *Smith*, 77 Cal. 22, [18 Pac. 791]; *Lawrence* v. *Gayetty*, 78 Cal. 126, [12 Am. St. Rep. 29, 20 Pac. 382]; 2 Pomeroy's Equity Jurisprudence, 3d ed., sec. 910.) Rescission must be made promptly on the discovery of the fraud. (Civ. Code, sec. 1691.) It is claimed that there was not sufficient diligence shown in offering to rescind and beginning suit after discovery of the fraud. The complaint does not give the date of the discovery of the fraud, nor of the offer to rescind. But ambiguity and uncertainty on these points are not made grounds of demurrer, and, so far as the general ground is concerned, we think the complaint shows sufficient diligence. It is alleged that a "considerable time" elapsed after July 3, 1895, before discovery of the fraud, and the action was begun November 25, 1895, less than five months after the money was loaned. It does not appear that the delay which may have occurred after the discovery was or could have been at all injurious to the Wagoners, and such a short delay does not of itself constitute such laches as to defeat the action.

It is urged that the mortgage transaction was affirmed and ratified after discovery of the fraud. By this we suppose respondents mean that the receipt of one hundred and sixty-five dollars, paid on account of interest, was an affirmance of the contract and a waiver of the fraud. If this payment had been received as interest on the loan, after the discovery of the alleged fraud, and with the intention thereby to affirm the contract, the plaintiffs being then aware of the effect of their acceptance of the money, it would doubtless constitute a waiver of the fraud and an election to treat the contract

as valid, and would defeat the action. These facts, however, do not all appear from the complaint. Indeed, they are properly matters of defense, and would more appropriately appear by way of answer. If a complete defense appears on the face of the complaint, the defendant may avail himself thereof by means of a demurrer, but where a part only of the necessary facts appears it will not render the complaint demurrable. The allegation that defendants had paid one hundred and sixty-five dollars on account of the interest on the mortgage does not, taken alone, show an election to affirm. It does not appear when it was paid, nor that plaintiffs then knew of the fraudulent character of the promise to procure the release of the prior lien, nor that it was accepted by plaintiffs with a conscious knowledge of its legal effect on the transaction and an intention to affirm the same. Neither of these facts can be presumed in favor of the defense, at least in the absence of anything showing knowledge of the fraud at the time of accepting the payment. If the defendants desire to avail themselves of such a defense they must aver the facts in the answer.

It was not necessary, under the circumstances of this case, as alleged, to offer to return the one hundred and sixty-five dollars as a condition precedent to rescission. In *Richards* v. *Fraser,* 122 Cal. 461, [55 Pac. 247], it is said: "One who attempts to rescind a transaction on the ground of fraud is not required to restore that which, in any event, he would be entitled to retain,"—quoting from *Kley* v. *Healy,* 127 N. Y. 561, [28 N. E. 593]. In *Kelley* v. *Owen,* 120 Cal. 511, [47 Pac. 371], in treating of this subject, it is said that an offer to restore is not necessary "where it clearly appears that the defendant could not possibly have been injuriously affected by a failure to restore." The same rule was followed in *Gilson* v. *Gilson,* 47 Cal. 601, and *Wilson* v. *Moriarty,* 77 Cal. 596, [20 Pac. 134]. In *Kley* v. *Healy,* 127 N. Y. 561, [28 N. E. 593], the New York court of appeals says that if there are any circumstances of hardship upon the defendant arising from such failure to restore, "such conditions as might be essential to the protection of the defendant could be inserted in the judgment ultimately recovered." This is authorized by section 3408 of the Civil Code. The doctrine here stated is fully supported by the New York cases.

(*Fisher* v. *Bishop*, 108 N. Y. 30, [2 Am. St. Rep. 357, 15 N.
E. 331]; *Gould* v. *Cayuga Nat. Bank*, 86 N. Y. 81; *Gucken-
heimer* v. *Angevine*, 81 N. Y. 394; *Allenton* v. *Allenton*, 50
N. Y. 670; see, also, *Judge* v. *Stone*, 44 N. H. 601.) The
decision in *Marten* v. *Burns Wine Co.*, 99 Cal. 356, [33 Pac.
1107], is contrary to this rule, but in view of the subsequent
decisions above cited it cannot be considered a precedent. The
case at bar comes clearly within the rule. If the plaintiffs
fail in the present action, they will be entitled to retain the
one hundred and sixty-five dollars as a payment of interest
on the notes. If they succeed in the action, they will be
entitled to retain the one hundred and sixty-five dollars as a
partial restoration of the sum loaned, and to have judgment
for the balance. The defendants, therefore, cannot possibly
be injured. The law does not require idle acts (Civ. Code,
sec. 3532), and nothing would seem more idle than to require
the plaintiffs, as a mere formal prerequisite to trial and judg-
ment, to offer to return to defendants that which defendants
would in no event be entitled to keep, and which, defendants
being insolvent, plaintiffs could not hope to recover. The
prayer for relief is no part of the statement of fact, and the
fact that too much is asked for does not affect the cause of
action stated. Under the prayer for general relief the court
can give such judgment as plaintiffs show themselves en-
titled to, and as may be necessary to effect justice between
the parties and protect the rights of both.

The discrepancies in the amounts of money alleged to have
been paid out by the Wagoners, which make it appear that
they have used more money than they received, show care-
lessness on the part of the pleader, but they do not affect the
substantial merits of the cause of action.

The demurrer of Biggs to the amended and supplemental
complaint should have been sustained upon the ground that
the action is barred either by subdivision 4 of section 338 or
by section 343 of the Code of Civil Procedure. The cause of
action stated, as against Biggs, was either an action for relief
on the ground of fraud, and therefore barred within three
years from the time the action was begun against him, as
provided in section 338, or an action for relief not otherwise
provided for in the code, and therefore barred within four
years after the cause of action accrued, as provided in sec-

tion 343. The allegations of the supplemental complaint are that on April 26, 1897, Biggs purchased of the Wagoners the tract of land described in the $1,750 mortgage, above referred to, upon which the plaintiffs desire to have a lien declared, and that he purchased this property with full notice of the rights and claims of the plaintiffs. The cause of action existed and was complete against Biggs on April 26, 1897, at the time he made the purchase. There is no allegation that the plaintiffs did not discover the fact of this purchase at the time it was made, and if ignorance thereof would prevent the running of the statute, it should have been alleged, for it cannot be presumed in favor of the plaintiffs that they did not discover it until less than three years prior to the time of filing the supplemental complaint. The supplemental complaint was not filed until July 20, 1901, which was more than four years after Biggs' purchase. Prior to the time of filing this supplemental complaint it cannot be said that any action was pending against Biggs. The statute of limitations began to run as soon as the cause of action against him was complete,—that is, on April 26, 1897,—and it continued to run without interruption until the filing of the supplemental complaint. The time provided by either section above referred to had therefore expired before any action was begun against Biggs. It does not appear that any notice of action was filed, and under such circumstances he has a right to invoke the bar of the statute. (*Lawrence* v. *Ballou,* 50 Cal. 258; *Jeffers* v. *Cook,* 58 Cal. 151; *Spaulding* v. *Howard,* 121 Cal. 198, [53 Pac. 563]; *Newman* v. *Marvin,* 12 Hun, 242; *Shaw* v. *Cock,* 78 N. Y. 194; *Magaw* v. *Clark,* 6 Watts, 328; *Brown* v. *Goolsby,* 34 Miss. 437; *Gray* v. *Trapnall,* 23 Ark. 510.) If a notice of action was duly filed, he would be bound by the judgment although not made a party to the action.

As to the defendant Biggs the judgment is affirmed. The judgment is reversed as to the defendants T. J. and Louisa J. Wagoner, with costs, and the cause remanded with directions to the court below to overrule their demurrer.

Angellotti, J., and Van Dyke, J., concurred.