**KENNETH COLE PRODUCTIONS, INC. and Cole South Beach, Inc., Plaintiffs**

v.

**MID–CONTINENT CASUALTY CO., Defendant.**

**Case No. 10–21732–CIV.**

United States District Court, S.D. Florida, Miami Division.

Nov. 30, 2010.

---

Jon Dale Derrevere, Stephen Lawrence Barker, Derrevere, Hawkes, Black & Cozad, West Palm Beach, FL, for Plaintiffs.

John Joseph Cavo, Hinshaw & Culbertson LLP, Miami, FL, for Defendant.

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

ADALBERTO JORDAN, District Judge.

For the reasons stated below, Mid–Continent Casualty Co.'s motion for summary judgment [D.E. 15] is GRANTED.

### I. FACTUAL BACKGROUND

As its name implies, Mid–Continent is an insurance company that provides casualty insurance to businesses. Cohen, Inc. is one of these businesses. Cohen and Mid–Continent entered into a commercial general liability insurance contract in Florida, which obligated Mid–Continent to cover Cohen for bodily injury and property damage caused by Cohen.

Cohen does construction work. One of its jobs took place at the Dolphin Mall, where Kenneth Cole Productions and Cole South Beach hired Cohen and, apparently, Jason Asbury Construction Services LLC to do some work. As Kenneth Cole and Cole South Beach concede, the contract controlling the construction work at Dolphin Mall listed Cohen/Jason Asbury LLC as a joint venture.

During the project, an employee of Cohen caused damage at the Dolphin Mall. The employee negligently struck a fire sprinkler, which reacted by dispersing water and causing $141,153.18 worth of water damage.

The Kenneth Cole/Cole South Beach lease obligated the companies to pay Dolphin Mall for the water damage, which they did. The contract that Kenneth Cole and Cole South Beach used to hire Cohen and Jason Asbury LLC, however, contained an indemnification clause. The indemnification clause forced Jason Asbury LLC and Cohen to hold Kenneth Cole and Cole South Beach harmless for any damage or liability arising from the Dolphin Mall work. Therefore, Kenneth Cole and Cole South Beach sought reimbursement from Cohen and Jason Asbury LLC by suing Cohen and Jason Asbury LLC in New York state court.

Cohen presented the New York state complaint to Mid–Continent. Citing a provision in the insurance contract, Mid–Continent denied liability coverage. Specifically, the New York state complaint repeatedly made allegations like "[b]ecause ... [Cohen and Jason Asbury LLC] signed the Contract as joint venture partners, [Cohen and Jason Asbury LLC] are jointly liable" [D.E. 15–2 at 6]. The insurance contract, in turn, contained the following language: "No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations" [D.E. 15–1 at 18]. Thus, because the New York state complaint alleged that the Cohen/Jason Asbury LLC joint venture had to indemnify Kenneth Cole and Cole South Beach, Mid–Continent refused to defend and cover any liability arising from the Dolphin Mall incident.

It is disputed whether Cohen and Jason Asbury LLC entered into a joint venture. In fact, Cohen sent Mid–Continent a letter informing Mid–Continent that Cohen and Jason Asbury LLC never entered into a joint venture, despite the allegations in the New York state complaint.

About a year later, Cohen entered a judgment by confession. Cohen confessed that "an employee of Cohen, Inc. negligently struck the fire suppression system and caused a flood" [D.E. 16–1 at 5]. Kenneth Cole and Cole South Beach also obtained an assignment of legal rights. In the assignment, Cohen assigned Kenneth Cole and Cole South Beach "all the rights[,] title and interest of Cohen, Inc. to prosecute causes of action, including but not limited to a Declaratory Judgment action against Mid–Continent" [*Id.* at 7].

With the assignment in hand, Kenneth Cole and Cole South Beach sued Mid–Continent in Florida state court, seeking a declaratory judgment that the insurance contract covers Cohen's actions and liabilities. Mid–Continent removed the case to federal court and now moves for summary judgment.

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Celotex Corp. v. Catrett*, 477 U.S. 317,

322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the non-moving party fails to prove an essential element of its case for which it has the burden of proof at trial, summary judgment is warranted. *See Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548. That is, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). The court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party." *See Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1285 (11th Cir.1997). It must also "resolve all reasonable doubts about the facts in favor of the nonmovant." *See United of Omaha Life Ins. v. Sun Life Ins. Co.,* 894 F.2d 1555, 1558 (11th Cir. 1990).

### III. ANALYSIS

■ Because this is an action based on diversity jurisdiction, I apply the conflicts of law rules of Florida, the forum state. *See LaFarge Corp. v. Travelers Indem.,* 118 F.3d 1511, 1515 (11th Cir.1997) (per curiam). In Florida, the law of the state where the parties executed the contract governs the "rights and liabilities of the parties in determining an issue of insurance coverage." *State Farm Mut. Auto. Ins. v. Roach,* 945 So.2d 1160, 1163 (Fla. 2006). No one disputes that the parties executed the insurance contract in Florida and that substantive Florida law therefore controls.

■ Kenneth Cole and Cole South Beach do not dispute that, under the insurance contract, a joint venture between Cohen and another business would fall outside the insurance contract. Instead, they argue that Cohen and Jason Asbury LLC never entered into a joint venture, despite the allegations in the New York state complaint. And, because the inquiry as to whether a joint venture exists demands a factually intensive search, Kenneth Cole and Cole South Beach believe that I should not grant summary judgment. I agree with Kenneth Cole and Cole South Beach that facts are required to determine whether a joint venture exists. Still, whether a joint venture existed is an immaterial fact, and Kenneth Cole's and Cole South Beach's argument ignores the main issues in this case.

■ A Florida liability insurer has a duty to defend and a duty to indemnify. *See Pa. Lumbermens Mut. Ins. v. Ind. Lumbermens Mut. Ins.,* 43 So.3d 182, 186 (Fla.Dist.Ct.App.2010). "[I]t is a well-settled rule that the allegations of the underlying complaint control an insurer's defense obligations." *Sunshine Birds & Supplies v. U.S. Fid. & Guar.,* 696 So.2d 907, 909 (Fla.Dist.Ct.App.1997). This is true regardless of whether the allegations are true. *Id.* Moreover, "the duty to indemnify is narrower than the duty to defend and thus cannot exist if there is no duty to defend." *WellCare of Fla., Inc. v. Am. Int'l Specialty Lines Ins.,* 16 So.3d 904, 906 (Fla.Dist.Ct.App.2009) (citing *Aetna Ins. v. Borrell–Bigby Elec.,* 541 So.2d 139, 141 (Fla.Dist.Ct.App.1989)). With this framework in mind, it becomes clear that Mid–Continent need not indemnify Cohen (or, by assignment, Kenneth Cole and Cole South Beach).

■ The allegations of the underlying complaint control Mid–Continent's duty to defend Cohen. *See Sunshine Birds,* 696 So.2d at 909. Where the complaint's allegations show either that a policy exclusion applies or that no coverage exists, no duty to defend arises. *See Fed. Ins. v. Applestein,* 377 So.2d 229, 232 (Fla.Dist.Ct.App. 1979). The allegations of the New York

state complaint make clear that Cohen's liability to Kenneth Cole and Cole South Beach arose from Cohen's (alleged) joint venture with Jason Asbury LLC. For instance, the New York state complaint mentions that Kenneth Cole and Cole South Beach "retained [Jason Asbury LLC], in joint venture with Cohen," that Kenneth Cole and Cole South Beach made a contract with Jason Asbury LLC "in joint venture with Cohen," and that the contract that Jason Asbury LLC and Cohen entered with Kenneth Cole and Cole South Beach, as "joint venture partners," required indemnification for damages arising from any work at Dolphin Mall [D.E. 15–2 at 2]. According to the New York state complaint, Cohen is liable to Kenneth Cole and Cole South Beach because it entered, as part of a joint venture, an agreement promising to indemnify Kenneth Cole and Cole South Beach. Because Kenneth Cole and Cole South Beach seem not to dispute that the insurance contract bars coverage arising from joint ventures, the allegations in the New York state complaint make clear that no coverage exists. So the allegations do not create a duty to defend.

■ There being no duty to defend, there is no duty to indemnify. The reason for this is straightforward: "The very reason that the company is not required to defend a particular action is that 'it would not be bound to indemnify the insured even though the plaintiff should prevail in his action' under the allegations of the complaint." *Fed. Ins.*, 377 So.2d at 233 (quoting *Capoferri v. Allstate Ins.*, 322 So.2d 625, 627 (Fla.Dist.Ct.App.1975)). In other words, if from the allegations it is clear that no coverage exists, then no coverage can exist even if the allegations are found to be true by judge or jury. The allegations asserted in the New York state complaint did not give rise to coverage under the insurance contract. And therefore consent to judgment on the allega-

tions in the New York state complaint did not give rise to coverage under the insurance contract. *Cf. Nat'l Union Fire Ins. v. Lenox Liquors, Inc.*, 358 So.2d 533, 535 (Fla.1977) (noting that, where settlement was not based on legal theory for which coverage existed, no duty to indemnify arose despite settlement's recognition that plaintiff would have otherwise amended pleadings to incorporate legal theory for which coverage existed).

■ This is not to say that once a complaint is filed no duty to defend or to indemnify can ever arise.

The duty to defend, in the first instance, is determined from the allegations of the complaint. Yet, if it later becomes apparent that claims not originally within the scope of the pleadings are being made which are within the insurance coverage, the insurance carrier upon notification would then become obligated to defend.

*C.A. Fielland, Inc. v. Fid. & Cas. Co. of N.Y.*, 297 So.2d 122, 127 (Fla.Dist.Ct.App. 1974) (citation omitted). Here, however, nothing indicates that Kenneth Cole or Cole South Beach made any claims outside the scope of the original pleadings. In fact, Cohen simply confessed to liability [D.E. 16–1 at 5]. And neither Kenneth Cole nor Cole South Beach dispute that the confession to liability arises from the original complaint.

In their response, Kenneth Cole and Cole South Beach basically ignore this framework and instead argue that courts should allow parties to build an adequate record before granting summary judgment. Surely, an adequate record is vital. *See WSB–TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir.1988). Discovery is currently ongoing in this case, but the only factual issue that Kenneth Cole and Cole South Beach seek discovery on is whether Cohen and Jason Asbury LLC undertook a joint venture. This factual issue is immaterial,

however. The New York state complaint, the insurance contract, and the liability confession control Mid–Continent's duty to indemnify Cohen. Those are the material facts, and Kenneth Cole and Cole South Beach do not dispute them. However hard Kenneth Cole and Cole South Beach investigate whether Cohen actually entered into a joint venture with Jason Asbury LLC, the outcome to this action will not change. Even if Kenneth Cole and Cole South Beach show that no joint venture existed factually, Mid–Continent never owed Cohen a duty to indemnify. Summary judgment is granted.

### IV. CONCLUSION

For these reasons, Mid–Continent's motion for summary judgment [D.E. 15] is granted. A final judgment will be issued separately.