**JAMES RIVER INSURANCE COMPANY, Plaintiff**

v.

**BODYWELL NUTRITION, LLC, Defendant.**

**Case No. 10–61675–CIV.**

United States District Court, S.D. Florida, Miami Division.

Feb. 1, 2012.

---

Sina Bahadoran, Eric A. Hiller, Hinshaw & Culbertson, Miami, FL, for Plaintiff.

Elissa Hope Gainsburg, Stevan J. Pardo, Pardo Gainsburg, PL, Miami, FL, for Defendant.

ORDER GRANTING JAMES RIVER INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND DENYING BODYWELL NUTRITION'S MOTION FOR SUMMARY JUDGMENT

ADALBERTO JORDAN, District Judge.

Following oral argument, and for the reasons set forth below, James River Insurance Company's motion for summary judgment [D.E. 46] is GRANTED, and Bodywell Nutrition, LLC's motion for summary judgment [D.E. 64] is DENIED.

## I. BACKGROUND AND FACTS

This is a declaratory judgment action filed by James River against its insured, Bodywell, in order to determine whether James River had a duty to defend and indemnify Bodywell in a lawsuit filed against Bodywell by S.A.N. in December of 2009, in the Central District of California. The complaint alleged (1) trademark infringement under the Lanham Act, (2) false designation of origin under the Lanham Act, (3) common law trademark infringement, (4) false advertising under the Lanham Act, (5) false advertising under the California Business and Professions Code, (6) unfair competition under the California Business and Professions Code, and (7) common law unfair competition.

According to the underlying complaint, SAN owns a family of registered trademarks, each of which include the word mark "TIGHT;" they include the marks TIGHT!, TIGHT FEM, TIGHT! HARDCORE, and TIGHT! XTREME (collectively, the "Tight Marks"), which are attached to SAN's line of dietary supplements in order to indicate that the goods originated from and are provided by SAN. The underlying complaint al-

leged that Bodywell was advertising, promoting, offering to sell, and selling goods that were closely related to SAN's goods that used marks, words, and symbols that were identical to or confusingly similar to, the Tight Marks. Specifically, the underlying complaint alleged that Bodywell's TIGHT CURVES product was identical to, or confusingly similar to, the Tight Marks.

When SAN's suit was filed, Bodywell submitted a claim to James River, Bodywell's general liability insurance carrier. James River rejected Bodywell's claim because these claims were excluded under the policy. Bodywell concedes that the seven claims alleged in SAN's complaint are excluded. But it contends that the complaint, taken as a whole, includes claims or facts or requests for relief that amount to trade dress and slogan infringement, which it submits are not excluded from the policy.

After James River rejected the claim, Bodywell settled the underlying case with SAN. James River then filed this action seeking a declaration that it owes no duty to defend or indemnify Bodywell against the allegations in the SAN complaint.

## II. LEGAL STANDARD

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *Accord Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the non-moving party fails to prove an essential element of its case for which it has the burden of proof at trial, summary judgment is warranted. *See Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548. That is, "[w]here the record taken as a whole could not lead a rational trier of fact to find for

the non-moving party, there is no 'genuine issue for trial.'" *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). The court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party." *See Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1285 (11th Cir.1997). It must also "resolve all reasonable doubts about the facts in favor of the nonmovant." *See United of Omaha Life Ins. v. Sun Life Ins. Co.,* 894 F.2d 1555, 1558 (11th Cir. 1990).

## III. DISCUSSION

The parties have filed cross-motions for summary judgment. James River argues that it has no duty to defend or indemnify Bodywell because the plain language of the insurance policy unambiguously excludes coverage for the claims asserted against Bodywell by SAN. Therefore, James River argues, it does not have a duty to defend and summary judgment should be granted in its favor. Bodywell contends that James River has a duty to defend because when meaning is properly given to every word, the underlying complaint makes claims for slogan and trade dress infringement, which, it argues, are specifically covered by the insurance policy. Accordingly, Bodywell argues, James River has a duty to defend and summary judgment should be granted in its favor.

■ Because the analysis in a duty to defend case such as this is limited to contract interpretation and review of the underlying complaint, it is an issue of law that may be resolved on summary judgment. *See Kenneth Cole Productions, Inc. v. Mid–Continent Cas. Co.,* 763 F.Supp.2d 1331, 1336 (S.D.Fla.2010). *See also Irvine*

*v. Prudential Prop. & Cas. Ins. Co.*, 630 So.2d 579, 579 (Fla. 3d DCA 1993) ("The duty is determined solely by the allegations against the insured, not by the actual facts, nor the insured's version of the facts."). Since jurisdiction over this matter is based on diversity, and no one has relied on any other law, Florida law governs the determination of the issues in this case. *See Trailer Bridge, Inc. v. Illinois Nat. Ins. Co.*, 657 F.3d 1135, 1141 (11th Cir.2011).

 Under Florida law, it is well established that, in determining whether a duty to defend exists, a court looks only to the allegations in the underlying complaint and the language of the insurance contract. *See Jones v. Florida Ins. Guar. Ass'n, Inc.*, 908 So.2d 435, 442–43 (Fla.2005). " '[I]n construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect.' " *U.S. Fire Ins. Co. v. J.S. U.B., Inc.*, 979 So.2d 871, 877 (Fla.2007) (citation omitted). The duty to defend an insured against a legal action arises when the complaint alleges facts that bring the matter within the policy's coverage. *See Jones*, 908 So.2d at 442–443. Where the allegations in the complaint show that no coverage exists or a policy exclusion applies, no duty to defend arises. *See Posigian v. American Reliance Ins. Co. of New Jersey*, 549 So.2d 751, 753 (Fla. 3d DCA 1989). *See also American Empire Surplus Lines Ins. Co. v. Chabad House of North Dade, Inc.*, 771 F.Supp.2d 1336, 1344 (S.D.Fla.2011). "Conclusory 'buzz words' unsupported by factual allegations are not sufficient to trigger coverage." *State Farm Fire and Cas. Co.*

*v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir.2004) (citation omitted).

 The insurance policy at issue does not provide coverage for claims arising out of the "infringement of copyright, patent, trademark, trade secret, or other intellectual property rights." Both James River and Bodywell agree that all seven of the specified counts in the underlying complaint—for trademark infringement, false advertising, and unfair competition—are excluded from coverage under the insurance policy. Bodywell, however, argues that the underlying complaint encompasses claims for slogan and trade dress infringement.[1] Following oral argument, and after reviewing the parties' motions, the underlying complaint, and the insurance policy, I conclude that no slogan or trade dress infringement allegations are made in the underlying complaint.

Bodywell argues that "courts do not determine the duty to defend solely by reference to the complaint's wording, without regard to the bigger picture." *See Keen v. Fla. Sheriffs' Self–Insurance Fund*, 962 So.2d 1021, 1024 (Fla. 4th DCA 2007). Bodywell reasons that, although the underlying complaint does not expressly allege slogan and trade dress infringement, the court must look at the entire complaint, including the prayer for relief, in order to determine whether the allegations are reasonably susceptible to stating a claim that would fall within the coverage of the insurance policy. Yet, under the law of California, where the underlying complaint was filed, "[t]he prayer for relief is no part of the statement of fact, and the fact that too much is asked for does not affect the cause of action stated." *Matteson v. Wagoner,*

---

1. The parties disagree on whether slogan and trade dress infringement are excluded from coverage under the insurance policy as a result of an exclusion. Because I conclude that no slogan or trade dress infringement allega-

tion are made in the underlying complaint I find it unnecessary to reach the question of whether slogan and trade dress infringement claims are excluded under the insurance policy.

147 Cal. 739, 745, 82 P. 436 (1905). *See also Slovensky v. Friedman*, 142 Cal. App.4th 1518, 49 Cal.Rptr.3d 60, 73 (Ct. App.2006) (" 'The gravamen, or essential nature of a cause of action is determined by the primary right alleged to have been violated, not by the remedy sought.' ").

Bodywell also focuses on portions of the underlying complaint where it is alleged that Bodywell improperly used SAN's "Tight" mark "in combination with other words," and that Bodywell adopted SAN's "marks, words and symbols." Bodywell argues that if meaning is given to every word in the document, the only logical meaning of SAN's inclusion of "words" and "in combination with other words" is that Bodywell infringed on SAN's slogan.

Keeping in mind the underlying complaint's entire wording and the "bigger picture" it is apparent that SAN's inclusion of "words" and "in combination with other words" was meant to clarify its position that Bodywell infringed on its "TIGHT" trademarks in combining the mark with other words (i.e. Tight Curves) and not SAN's slogan. Therefore, SAN's use of these "buzz words" is insufficient to trigger coverage because the complaint did not contain any factual allegations referring to SAN's slogan or Bodywell's infringement of that slogan. *See State Farm Fire and Cas. Co.*, 393 F.3d at 1230.

The Second Circuit has distinguished between a trademark and a slogan in concluding that a slogan must be different from the company name or a product name. *See Hugo Boss Fashions, Inc. v. Federal Ins. Co.*, 252 F.3d 608 (2d Cir. 2001) (holding that the term "BOSS" is not a trademarked slogan). *See also Citizens Ins. Co. of Am. v. Uncommon, LLC*, 812 F.Supp.2d 905, 912–13 (N.D.Ill.2011). The court in *Citizens* also recognized that a trademarked slogan could be described as a "combination of words and symbols, ornamental feature, or a distinctive shape" as "something intended to remind the consumer of the brand." *Citizens Ins. Co. of Am.*, 812 F.Supp.2d at 912–13. Nevertheless, the court rejected the argument that the infringement of the trademarked terms "UNCOMMONGIFTS," "UNCOMMON GIFTS," "UNCOMMONGOODS," and "UNCOMMON GOODS" involved the infringement of a slogan of Uncommon-Goods, LLC. *See id.* Here, Bodywell allegedly infringed on SAN's trademarks by using its "TIGHT" mark in combination with another word (Tight Curves), which is similar to SAN's "Tight Marks" of "TIGHT FEM," "TIGHT! HARDCORE," and "TIGHT! XTREME." Bodywell asks that I read the complaint to include a claim for slogan infringement, but Bodywell asks me to infer too much. I "need not stretch the allegations beyond reason to impose a duty on the insurer." *See Trailer Bridge, Inc.*, 657 F.3d at 1144. Therefore, I conclude that the underlying complaint did not explicitly or implicitly make an allegation of slogan infringement.

Similarly, Bodywell argues that when viewing the complaint as a whole there is a claim for trade dress infringement. Bodywell focuses on the underlying complaint's prayer for relief, which seeks the destruction of all "advertising, flyers, containers, labels, or packaging bearing the term 'tight.' " As mentioned above, however, the prayer for relief does not affect the cause of action stated in the complaint. *See Matteson*, 147 Cal. at 744–46, 82 P. 436. *See also Slovensky*, 49 Cal.Rptr.3d at 73.

Bodywell asserts that because trade dress involves the packaging or design of a product, SAN's request in the underlying complaint for the destruction of Bodywell's packaging creates a claim for trade dress infringement. Again, keeping in mind the underlying complaint's wording and the "bigger picture" it is clear that SAN's prayer for relief was seeking the destruction of those things which contained its

trademarked word "TIGHT." As pointed out by both parties, "trade dress includes the total look of a product and its packaging and even includes the design and shape of the product itself." The underlying complaint contained no allegation that Bodywell used a product or packaging that was closely related to SAN's product in its total look, design, or shape. Rather, the allegations are that Bodywell advertised, promoted, offered to sell, and sold products that were closely related to SAN's products and used marks, words, and symbols that were identical to or confusingly similar to SAN's "Tight Marks." SAN's use of the "conclusory buzz words" "containers," "labels," and "packaging," unsupported by factual allegations, is not sufficient to trigger coverage. *See State Farm Fire and Cas. Co.*, 393 F.3d at 1230.

Bodywell finally asks that I read the complaint to include a claim for trade dress infringement. But once again Bodywell asks me to infer too much, and I "need not stretch the allegations beyond reason to impose a duty on the insurer." *See Trailer Bridge, Inc.*, 657 F.3d at 1144. I therefore conclude that the underlying complaint did not explicitly or implicitly make an allegation of trade dress infringement.

## IV. Conclusion

For the reasons provided above, James River does not owe Bodywell a duty to defend because the allegations in the underlying complaint were not covered by the insurance policy. As a result, James River's motion for summary judgment [D.E. 46] is GRANTED, and Bodywell's motion for summary judgment [D.E. 64] is DENIED. A final judgment will be issued separately.

This case is CLOSED.