**UNITED STATES LIABILITY INSURANCE COMPANY, Plaintiff,**

v.

**KELLEY VENTURES, LLC, Kevin P. Kelley, and Phoenix Motors, Inc., Defendants.**

**CASE NO.14–62840–CIV–COHN/SELTZER**

United States District Court, S.D. Florida.

Signed September 30, 2015.

Rory Eric Jurman, Avery A. Dial, and Aaron M. Dmiszewicki, Fowler White Bur-

nett, Ft. Lauderdale, FL, for United States Liability Insurance Company.

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

JAMES I. COHN, United States District Judge

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Summary Judgment [DE 37] ("Motion"). The Court has considered the Motion, Defendant's Response [DE 42], Plaintiff's Reply [DE 43], and the record in this case, and is otherwise advised in the premises. For the reasons discussed herein, the Court will grant Plaintiff's request for declaratory relief but deny its request to rescind the insurance policy at issue.

### I. BACKGROUND

This case involves a dispute over insurance coverage in a related state-court action ("Underlying Action"). Plaintiff United States Liability Insurance Company ("USLI") claims that it has no duty to defend its insured, Defendants Kelley Ventures, LLC ("Kelley Ventures") and Kevin Kelley, in the pending state-court lawsuit filed by Kelley Automotive, Inc. ("Kelley Auto"). *See* DE 1.

Kelley Auto and Phoenix Motors, Inc. ("Phoenix") each own a fifty percent share in Kelley Ventures, a limited liability company, and were entitled to equal distributions of Kelley Ventures' profits under the Operating Agreement. DE 37 at 2; DE 1 ¶ 14; DE 11. The principal of Kelley Auto is Gail Kelley, and the principal of Phoenix is Kevin Kelley, who is also the manager of Kelley Ventures. DE 37 at 2. On October

1, 2013, Kevin Kelley notified Gail Kelley that Kelley Auto was not entitled to a cash distribution until an accounts receivable of $216,641.48 was wholly satisfied. *Id.; see also* DE1–2. Phoenix continued to receive distributions. *Id.* Thereafter, Kelley Auto sent multiple letters to Kevin Kelley and Kelley Ventures demanding distributions. *Id.* at 2–4.

The first letter, sent on October 17, 2013, objected to the accounts receivable as fictitious and demanded Kelley Auto's share of the distributions. *See* DE 1–2. The letter stated that "in the event [Kelley Ventures] decides to move forward and make distributions to Phoenix Motors, Inc. without an equal check being distributed to Kelley Automotive, Inc., this is justification for filing suit." *Id.* at 2. It also listed the specific claims that Kelley Auto would bring against Kelley Ventures if the distributions were not made. *Id.*

On October 24, 2013, Kelley Auto sent a second letter asserting: "Demand is hereby made that the payments due to Kelley Automotive, Inc. in the amount of $70,564.16 be made immediately. This whole concept of phantom debt was created by your client and has no basis on the understanding of the parties nor in the underlying agreement."[1] DE 34–2.

Kelley Auto sent a third letter self-described as "protected settlement communication" to Kevin Kelley and Kelley Ventures on November 22, 2013. *See* DE 33–2. The letter inquired whether "Kelley Ventures [was] going to distribute to Kelley Automotive the $70,564.16," and noted Kelley Auto's belief that "Phoenix Motors is looking for an edge." *Id.* at 2.

Kevin Kelley completed an application for a Corporate Directors and Officers Liability Policy ("Policy") with USLI on December 23, 2013. *See* DE 1–4. Question 17 of the application asked: "Is any entity or person proposed for this insurance aware of any fact, circumstance or situation which may result in a claim against the Applicant or any of its Directors, Officers or Employees?" *Id.* at 2. Kevin Kelley responded "no." *Id.* Unaware of Kelley Auto's dispute with Kelley Ventures, USLI issued the Policy on January 15, 2014. DE 37 at 4. Phoenix was never insured by the Policy. DE 41 ¶ 36.

Kelley Auto sent yet another letter on March 5, 2014, enclosing the complaint and stating, "In the event your client is unwilling to make the distribution, as well as return to the LLC an amount equal to fees, if any, you have received for this matter the following suit will be filed." DE 36–1. On October 9, 2014, Kelley Auto filed the Underlying Action in Florida state court, *see* DE 36–2, and USLI was notified on October 17, 2014, DE 37 at 4. USLI sent notice to Defendants on November 26, 2014, that it was reserving its rights to deny coverage for the claims asserted. DE 13 ¶ 35.

On December 12, 2014, USLI filed a complaint in this Court, requesting that the Court (1) rescind the Policy and (2) issue a declaratory judgment that USLI has no duty to defend or indemnify Defendants Kelley Ventures and Kevin Kelley.[2] *See* DE 1. Following discovery and after the parties were unable to settle their dispute at mediation, USLI filed a motion for summary judgment, *see* DE 29; DE

---

1. This demand amount "represents a settlement request, and does not reflect the amount in controversy for jurisdictional purposes." DE 37 at 3 n.3.

2. Phoenix Motors was also named as a Defendant in the Complaint but was later dismissed from this action. DE 32.

37. Defendants responded by asking the Court to deny the Motion and allow the case to proceed to trial, *see* DE 42, and USLI field a reply, *see* DE 43.

## II. *LEGAL STANDARD*

### A. *Summary Judgment*

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To satisfy this burden, the movant must show the court that "there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. 2548.

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact ... the court may ... grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed.R.Civ.P. 56(e)(3). Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present

"specific facts showing that there is a genuine issue for trial." *Walker v. Darby,* 911 F.2d 1573, 1576–77 (11th Cir.1990). In deciding a summary-judgment motion, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Davis v. Williams,* 451 F.3d 759, 763 (11th Cir.2006).

### B. *Duty to Defend*

■ ■ When an insurance carrier perceives a valid defense to coverage against third-party claims against the insured, it may institute a declaratory action to establish non-coverage while defending under a reservation of rights. *Steadfast Ins. Co. v. Sheridan Children's Healthcare Servs., Inc.,* 34 F.Supp.2d 1364, 1366 (S.D.Fla. 1998). At all times relevant to this action, USLI has defended Kevin Kelley and Kelley Ventures under a reservation of rights while simultaneously seeking permission from this Court to deny coverage and withdraw its defense. DE 37 at 8.

■ Under Florida law, the duty to defend is an issue of law that turns upon the interpretation of the insurance policy and review of the underlying complaint. *James River Ins. Co. v. Bodywell Nutrition, LLC,* 842 F.Supp.2d 1351, 1353–54 (S.D.Fla.2012). Because the existence of a duty to defend is a legal question, it is amenable to resolution on a motion for summary judgment. *Id.* The duty to defend arises when the underlying complaint alleges facts that potentially bring a dispute within the policy's coverage. *Jones v. Fla. Ins. Guar. Ass'n, Inc.,* 908 So.2d 435, 442–43 (Fla.2005). On the other hand, where the allegations in the underlying complaint "show that no coverage exists or a policy exclusion applies, no duty to defend arises." *James River Ins. Co.,* 842

F.Supp.2d at 1354 (citing *Am. Empire Surplus Lines Ins. Co. v. Chabad House of N. Dade, Inc.*, 771 F.Supp.2d 1336, 1344 (S.D.Fla.2011)). Where the insurer has no duty to defend, it also has no duty to indemnify. *Nova Cas. Co. v. Waserstein*, 424 F.Supp.2d 1325, 1332 (S.D.Fla.2006) (citing *Fun Spree Vacations, Inc. v. Orion Ins. Co.*, 659 So.2d 419, 421 (Fla. 3d DCA 1995)). Any doubt regarding the duty to defend is resolved in favor of the insured. *Miranda Constr. Dev., Inc. v. Mid–Continent Cas. Co.*, 763 F.Supp.2d 1336, 1339 (S.D.Fla.2010). However, where a policy exclusion unambiguously applies, it must be enforced. *Id.*

## III. *DISCUSSION*

In its Motion, USLI advances several arguments for summary judgment that it owes Defendants no duty to defend in the Underlying Action. First, USLI argues that the insurance contract is void and should be rescinded because Kevin Kelley made a material misrepresentation on the Policy application. Second, USLI contends that even if the Court does not rescind the contract, USLI has no duty to defend under three provisions of the Policy—the Full Prior Acts Coverage Provision, the Pending or Prior Litigation Exclusion, and the Percentage Shareholder Exclusion.

The Court concludes that the Policy should not be rescinded because there is a dispute of material fact whether Kevin Kelley answered to the best of his knowledge and belief on the Policy application that there were no circumstances that might result in a claim against Kelley Ventures. However, USLI has established that express policy provisions relieve USLI from its duty to defend Defendants in the Underlying Action. Accordingly,

USLI's motion for summary judgment will be granted.

### A. *Rescission for Material Misstatements on Application*

Section 627.409(1)(b), Fla. Stat., provides that "a misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy . . . . [i]f the true facts had been known to the insurer . . . the insurer in good faith would not have issued the policy or contract [or] would not have issued it at the same premium rate. . . ." In other words, a material misrepresentation provides a basis for rescission so long as it affects the risk undertaken by the insurer. *Fabric v. Provident Life & Accident Ins. Co.*, 115 F.3d 908, 913 (11th Cir.1997) (internal citations omitted). When the parties include language in the policy application indicating that the responses are "full, true and complete to the best of my knowledge and belief," the applicant's "belief" is credited to the extent that it is not "clearly contradicted by the factual knowledge on which it is based." *Mims v. Old Line Life Ins. Co. of Am.*, 46 F.Supp.2d 1251, 1255–56 (M.D.Fla.1999) (quoting *Carter v. United of Omaha Life Ins.*, 685 So.2d 2, 6 (Fla. 1st DCA 1996)).

A genuine issue of fact remains whether Kevin Kelley made a material misrepresentation on the Policy application. Question 17 of the application asked: "Is any entity or person proposed for this insurance aware of any fact, circumstance or situation which may result in a claim against the Applicant or any of its Directors, Officers or Employees?" DE 1–4 at 2. Defendants seemingly admit that the October 17th letter made demands against Kelley Ventures, but claim that "over the months up to and including the signing of

the Application, several important things changed thereby rendering that letter out-of-date or irrelevant." DE 42 at 5, 7. Namely, Defendants argue that Kevin Kelley interpreted the October 24th and November 22nd letters as making demands against Phoenix, rather than Kelley Ventures, and raising claims by one member against another. DE 42 at 5–7. Defendants cite to the October 24th letter's focus on the "understanding of the parties" as to the meaning of their Operating Agreement and the November 22nd letter's statement that Kelley Auto believed "Phoenix Motors is looking for an edge." *Id.* at 6; DE 41 at 2.

Although the Court agrees with Plaintiff that the most natural reading of the letters sent to Kelley Ventures before December 23, 2013, is that Kelley Auto was demanding distributions from Kelley Ventures and threatening to file a lawsuit against Kelley Ventures, the Court finds a material issue of fact whether Kevin Kelley honestly believed the dispute had transformed into one against Phoenix. Defendants have cited language in the October 24th and November 22nd letters that could reasonably be construed as threatening claims against Phoenix. Because the Court must draw all reasonable inferences in favor of the non-moving party on a motion for summary judgment, the Court declines to rescind the contract on Plaintiff's Motion.

### B. *Policy Exclusions*

██ Nevertheless, USLI has no duty to defend Defendants under at least two separate provisions of the Policy—the Pending or Prior Litigation Exclusion and the Percentage Shareholder Exclusion. Where the language of an insurance policy is plain and unambiguous, "there is no need for judicial construction and the con-

tract must be enforced as written." *Fla. Power & Light Co. v. Penn Am. Ins. Co.,* 654 So.2d 276, 278 (Fla. 4th DCA 1995) (citing *Great Global Assurance Co. v. Shoemaker,* 599 So.2d 1036 (Fla. 4th DCA 1992)). A court must interpret the policy in accordance with the plain meaning of the language used to give effect to the policy as written. *Trinidad v. Fla. Peninsula Ins. Co.,* 121 So.3d 433, 441 (Fla. 2013).

### 1. Pending or Prior Litigation Exclusion

██ As a matter of law, USLI is relieved of its duty to defend under the Pending or Prior Litigation Exclusion. This Policy provision excludes from coverage, in relevant part, "[a]ny pending or prior ... claim [or] demand ... of which an Insured had written notice before the inception date of this Policy." DE 1–5. Unlike the Policy application itself, the Pending or Prior Litigation Exclusion is not qualified by the Insured's "knowledge and belief." Rather, it simply excludes from coverage a claim or demand in writing that the insured received before the Policy coverage began.

The October 17th letter clearly makes a detailed demand for distributions to Kelley Auto and states that "in the event [Kelley Ventures] decides to move forward and make distributions to Phoenix Motors, Inc. without an equal check being distributed to Kelley Automotive, Inc., this is justification for filing suit." DE 1–2. Defendant implicitly accepts that the October 17th letter made demands of Kelley Ventures, explaining that potential claims "morphed" "subsequent to" that letter into claims against Phoenix. DE 42 at 6–7. And there is no dispute that Kevin Kelley was aware of the letter when he signed the Policy

application. *See* DE 36 ¶ 7. Thus, even if Kevin Kelley believed that the nature of the claims had changed over time, he still had written notice of Kelley Auto's demand to Kelley Ventures for distributions in the October 17th letter, which is sufficient to exclude the underlying claims from the Policy coverage by the express terms of the Pending or Prior Litigation Exclusion.

### 2. Percentage Shareholder Exclusion

■ USLI is also relieved of its duty to defend by the Percentage Shareholder Exclusion as a matter of law. The Policy provision states that USLI will not be liable "to make payment for Loss in connection with any Claim made against any Insured that is brought, maintained or asserted by or on behalf of any person or entity which owns or did own directly or beneficially more than 10% of the Organization's voting securities." DE 1–5. The reason for the exclusion is "to avoid the situation in which a member is suing itself for money." DE 43 at 8.

It is undisputed that Kelley Auto, the plaintiff in the Underlying Action, is a fifty percent shareholder of Kelley Ventures, a defendant in the underlying complaint. *See* DE 1–1; DE 34–2; DE 36–2. Additionally the Operating Agreement provides that Kelley Ventures' members may vote at meetings "for any purpose or purposes." *See* LLC Agreement § 7.1 [DE 1–1]. Accordingly, because Kelley Auto owns more than ten percent of Kelley Ventures' voting securities, the express language of the Percentage Shareholder Exclusion excludes the Underlying Action from coverage.

Defendants argue that the Percentage Shareholder Exclusion does not apply because the underlying complaint involves claims by Kelley Auto as a landlord against the LLC as a tenant—not by a member against its LLC. DE 42 at 8–9. Defendants claim that "[i]t is not the *identity* of the party that matters so much in litigation as the *capacity* of the party." *Id.* at 8. However, Defendants cite no controlling authority in support of this position, and the Court is unaware of any as it relates to an insurer's duty to defend. Accordingly, the Court must apply the plain meaning of the language used in the Policy as written. *Trinidad,* 121 So.3d at 441. Because the Percentage Shareholder Exclusion makes no distinction between the capacities in which the shareholder might bring a lawsuit against the organization, the Policy does not cover the Underlying Action regardless of the capacity in which Kelley Auto sued Kelley Ventures.

### 3. Full Prior Acts Coverage Provision

Unlike the Pending or Prior Litigation and Percentage Shareholder Exclusions, the Full Prior Acts Coverage Provision does not clearly relieve USLI of its duty to defend as a matter of law. The provision states that "coverage shall not apply to any Claim based upon or arising out of any Wrongful Act or circumstance likely to give rise to a Claim of which the person or persons signing the Application had knowledge, or otherwise had a reasonable basis to anticipate might result in a Claim, prior to . . . the inception date of this Policy." DE 1–5. A "wrongful act" is defined as "any actual or alleged act, error, omission, misstatement, misleading statement, neglect or breach of duties: (1) by the Organization or by the Individual Insureds arising solely from their capacity with the Organization; or (2) asserted against the Individual Insureds because of their status as such."

As noted above, there is a dispute of material fact as to whether Kevin Kelley

had a "reasonable basis" to anticipate that the alleged wrongful act of denying distributions to Kelley Auto might result in a claim against Kelley Ventures at the time that he signed the Policy application. Because the applicability of the Full Prior Acts Coverage Provision rests on a material issue of disputed fact, the Court declines to relieve USLI of its duty to defend on the basis of that provision on a motion for summary judgment.

## IV. CONCLUSION

In sum, USLI has demonstrated that it is entitled to declaratory judgment as a matter of law based on the express language of its Policy exclusions. The clear and unambiguous terms of the Pending or Prior Litigation Exclusion and the Percentage Shareholder Exclusion relieve USLI of its duty to defend Kelley Ventures and Kevin Kelley in the Underlying Action in Florida state court. However, because there remains a disputed issue of material fact regarding an alleged misrepresentation on the Policy application, the Court declines to rescind the contract in its entirety. It is accordingly

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Summary Judgment [DE 37] is **GRANTED in part** and **DENIED in part**;

2. Plaintiff's request for a declaration that it has no duty to defend in the Underlying Action is **GRANTED**; and

3. Plaintiff's request for rescission of the Policy is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of September, 2015.